ANDREW McCLORY, Appellant, *v.* THOMAS McCLORY (in his own person, and as Administrator of the Estate of John McClory, deceased), Respondent.

Findings— What are Not.—A document filed by the Judge, in which he states the case, the testimony and the reasons for his decision, and not the ultimate facts established by the evidence, is an opinion and not a finding within the meaning of the code.

Appeal from the District Court of the Sixth District, Yolo County.

The plaintiff appealed.

The action was to establish a trust as to the title to certain land, and to compel a conveyance.

The remainder of the case is given in the opinion of the Court.

*Beatty & Denson* and *Ramage & Smith,* for Appellant.

*C. P. Sprague* and *George Cadwallader,* for Respondent.

Sanderson, J., delivered the opinion of the Court:

The case has been brought here upon the judgment roll, and the only point made by the appellant is, that the pleadings and findings are repugnant to the judgment. This point assumes that the Court below made a written finding of the facts in issue, and filed them in the case; but we are of the opinion that the matter or thing called a "finding of facts" in the transcript, and assumed by counsel to be one,

cannot be so considered. It is in the following words : "The plaintiff's claim to the relief he asks is based on the notion that the location of a certain tract of land in the name of John McClory, was for him (plaintiff), and with his money. This is denied in the answer.

"In support of this claim, plaintiff proves that John Mc-Clory, in his lifetime, in conversation had concerning the nature of his ownership in the land, stated that he held it for plaintiff, and that the moneys paid were advanced by plaintiff. He also shows that he had been in possession of the land, occupying for himself, receiving the proceeds since the purchase in 1861.

"On behalf of defendant, the proof is :

"*First*—That the title is in name of decedent.

"*Second*—That the plaintiff, on the 6th day of May, 1861, to enable the said John McClory to purchase the land, made oath before G. W. Colby, Locating Agent, that there was at the time no valid claim existing upon the land now in controversy, adverse to the claim of said decedent ; and that he (plaintiff), at that time, neither had, or expected to have, any interest, directly or indirectly, in the claim his brother John was then proceeding to locate.

"*Third*—That after the death of his brother John, plaintiff made an oath before J. A. Hutton, Probate Judge, in a proceeding to obtain letters of administration of the estate of John McClory, deceased, to the effect that the land in controversy was of the estate of said decedent.

"The affidavits of plaintiff are in writing, directly to the point, and will govern me in finding the facts herein. He made them with full knowledge, under circumstances which preclude the possibility of mistake ; whilst the words of John McClory, relied on by the plaintiff to prove the trust, rest only in the memory of witnesses ; or, if accurately remembered, may apply to a transaction where he paid the money out of his own funds, which would vest the title, and then made his arrangements with plaintiff to sell to him, and that when the conversation reported occurred, he stated it according to the understanding he then had of their business.

"Besides, conversations with third persons do not call for

that accuracy of statement which must obtain in official documents. And so I find, that, the affidavit made by plaintiff, on the 6th of May, 1861, was strictly correct, and the land was entered by John McClory, for his own benefit.

"There is no remembrance in writing of any agreement to transfer the land to plaintiff; and the defendant, as administrator, must be regarded as entitled to the possession of the title papers, and possession of the land."

It is a gross misnomer to call this a "finding of facts," within the meaning of the Practice Act—it is merely an opinion by the Judge, in which he states his reasons why, in his judgment, the finding of facts ought to be against the plaintiff and in favor of the defendants. We cannot regard it as a finding. To do so, would be to countenance a practice which we have repeatedly denounced as wholly at variance with the meaning and intent of the Practice Act in relation to findings. (*Hidden* v. *Jordan*, 28 Cal. 305; *Jones* v. *Block*, 30 Cal. 229; *James* v. *Williams*, 31 Cal. 211.)

But waiving this consideration, and accepting this opinion as a finding also, it is, at least, but a finding of a single fact only—that "John McClory entered the land for his own benefit;" which fact, instead of being repugnant to the judgment, is entirely consistent with it. If counsel considered that this fact was found contrary to the evidence, the remedy was by motion for a new trial.

If the defendants have united inconsistent causes of action (a point we do not decide) in their cross-complaint, the plaintiff waived the objection by not demurring upon that ground.

Judgment affirmed.