ARABELLA F. STRATTON, Administratrix,

*vs.*

CHARLES W. HUSSEY.

*Judgment—attorney's lien upon.*

The lien of the attorney upon a judgment recovered extends to the fees and disbursements made in its prosecution.

It matters not, though the suit be commenced by one attorney, and prosecuted to final judgment by another, the lien exists to the extent of all fees and disbursements.

ON EXCEPTIONS.

DEBT upon a judgment in favor of the plaintiff's intestate, H. Stratton, against Charles W. Hussey, recovered at the October term, 1868, of this court, for this county, for $109.43 debt, and $23.68 costs, with fifteen cents for the execution, entered up De-

cember 23, 1868. In the taxation of costs, $3.54 were allowed for the writ, and $5.25 for the service of it. The rest of these costs were for entry and continuance, travel and attendance. The defendant introduced a general release of all accounts and demands dated April 10, 1871, given him by H. Stratton. This action was instituted and prosecuted by E. F. Webb, the only attorney of record in the original suit, to enforce his lien on the judgment for his costs, services and disbursements, the execution having always remained in his possession, unsatisfied, unless by the $75, received by Mr. Stratton, April 10, 1871. The writ was made by Crosby Hinds, Esq., with the understanding that Mr. Webb would take charge of the case in court. Mr. Hinds, since this suit was brought, gave Mr. Webb written authority to collect and receive whatever was due him (Hinds) for his services aforesaid. The presiding justice ruled that Mr. Webb had a lien only for costs and disbursements from the entry of the original action in court to the rendition of judgment, and assessed damages at $15.12, with interest from December 23, 1868. Mr. Webb excepted.

*E. F. Webb,* pro se.

*A. Libbey,* for the defendant.

APPLETON, C. J. This is an action of debt on a judgment recovered by the plaintiff's intestate, and prosecuted by E. F. Webb, to enforce the attorney's lien on the same.

The writ in this case was made by C. Hinds, an attorney of this court, with the understanding on his part, and on that of the original plaintiff, that it should go into the hands of Mr. Webb, who was to enter and take charge of the action, and make all subsequent disbursements. Mr. Webb, accordingly, entered the action, recovered judgment, and took out execution. Mr. Hinds has never been paid, and has authorized Mr. Webb to collect the amount due him for writ and service.

The defendant procured a discharge and release from the original plaintiff from all accounts and demands, bearing date since the recovery of the judgment.

Stratton *v.* Hussey.

It has been repeatedly settled that the lien of an attorney is not defeated by payment of the execution to the judgment creditor by the debtor, without the consent of the attorney. *Hobson v. Watson*, 34 Maine, 20; *McKenzie v. Wardwell*, 61 Maine, 136.

Had the writ been made by Webb, his lien for the taxable bill of cost, as claimed by him, would have been unquestioned. If the writ was made by Hinds for Webb, and on his account, it is not perceived but that his lien on the judgment would have been to the same extent as if made by himself.

If Hinds is to be regarded as acting for himself, he is none the less entitled to his lien to the extent of the services by him rendered. The debtor, when settling, knew that the attorney had a lien for his fees and disbursements in the suit. The lien was to the extent of such fees and disbursements, and it was a matter immaterial to him, who was to receive the same. This suit, the case shows, is prosecuted for Hinds' benefit, and by his direction.

The attorney need not notify the debtor of his lien. *Young v. Dearborn*, 27 N. H., 328. The right of lien is paramount to that of the parties to a set-off of mutual demands. *Currier v. Boston & Maine R. R.*, 37 N. H., 223. It cannot be defeated by a discharge of the client. *Gammon v. Chandler*, 30 Maine, 152. It is of the highest equity, and is entitled to the fullest protection.

The lien exists equally whether the services are rendered by one attorney or more, for the amount justly due for fees and disbursements.          *Exceptions sustained.*

CUTTING, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.