# THE VICTOR GOLD AND SILVER MINING COMPANY *v.* THE NATIONAL BANK OF THE REPUBLIC, ET AL., RESPONDENTS, ARTHUR BROWN, HENRY P. HENDERSON, COPARTNERS AS BROWN & HENDERSON, AND THE VICTOR GOLD AND SILVER MINING COMPANY, APPELLANTS.

*Right of Appeal—Attorneys Lien for Costs Advanced—Notice of Lien.*

A judgment against respondents for costs on appeal, having been entered in district court, pursuant to a mandate of this court, the respondent paid such costs to the sheriff upon executions on two other judgments which had been obtained against appellant mining company, and then applied to the court below to have the costs so paid, offset against the

executions, and the judgment for costs satisfied. This was resisted by appellants who proved that the attorneys for the appellant mining company had defrayed the expenses of the appeal, their client being unable to do so, and contended that the attorneys had a lien on the judgment so obtained by them to the extent of their advances for such expenses. Affidavits were presented and other evidence introduced, a full hearing had, all parties being present, and the case regularly submitted and finally decided by the court. *Held*,

1. The decision of the lower court, holding that the attorneys had no lien, and ordering the costs taxed in pursuance of the mandate of this court, to be offset against the executions on the other judgments, and that the judgment for costs be satisfied, was a judgment from which an appeal lies.

2. That the attorneys have a lien upon the judgment for the costs advanced by them.

3. That the judgment being for costs only, of itself imparted notice of the lien.

*Practice—Findings—Opinion.*

It was contended by respondent that the lower court filed a finding of facts made at the request of the defeated party, subsequent to the decision, and that therefore the appellate court can consider neither the additional findings, nor the evidence upon which it was based. It did not appear that any express finding of facts was filed prior to the one in question, although an opinion was filed by the court setting forth the reasons for the judgment.

*Held*, The appellate court cannot disregard a finding of facts simply because it was filed subsequent to the rendering of the decision and Secs. 3168 and 3169, R. S., as to the time and order of filing the finding of facts and entry of judgment, are directory, and *held*, further, that an opinion of a court in deciding a case, setting forth its reasons for the judgment, is not a finding of facts within the meaning of said Sec. 3168.

(Decided November 9, 1898.)

Appeal from the district court of Juab county, Hon. E. V. Higgins, *Judge*.

Action by the Victor Gold & Silver Mining Company *v.* The National Bank of the Republic.

Cause originally tried in 1895 and appealed, costs of appeal being paid by Brown & Henderson, attorneys for the then appellants.

Judgment of reversal was entered with costs to the appellant.

From an order of the district court off-setting the judgment for costs against execution previously issued against the plaintiff, Brown & Henderson, attorneys for plaintiff, appealed, claiming a lien.

*Messrs. Brown & Henderson*, for appellant.

So far as this question of these costs is concerned, it was a final judgment, preventing either the party or its attorneys from ever recovering them in any form.

Appellants have a right of appeal in such cases. *Rooney* v. *Railway Co.*, 18 N. Y., 368; *McGregor* v. *Comstock*, 28 N. Y., 237; *Marshall* v. *Meech*, 51 N. Y., 140; *Curtis* v. *Richards*, 40 Pac., 57; *Gray* v. *Denhalter*, 53 Pac., 956.

An attorney has a special lien upon any judgment that he obtains for the payment of his taxable costs and disbursements, and if he gives notice to the party against whom the judgment is rendered or the party has notice of such lien, then the judgment debtor cannot pay the judgment to the judgment creditor. If he does so it is at his peril, and if a payment is made clandestinely, for the purpose if cheating the attorneys out of their fees or disbursements, the payment is not good as against the attorneys. *Wells* v. *Hatch*, 43 N. H. 246; In re Paschal, 10 Wallace, 483; *N. & L. Railroad Co.* v. *Wilson*, 138 U. S. 507; *Rooney* v. *Railroad Co.*, 18 N. Y. 368;

*Ward* v. *Craig*, 87 N. Y. 550; *Currier* v. *Railway Co.*, 37 N. H., 223.

Where the judgment is solely for costs no notice is required. The record in such cases is notice to all parties and if the judgment debtor pays he does so in his own wrong and after notice to him which the record implied. *McGregor* v. *Comstock*, 28 N. Y. 237; *Marshall* v. *Meech*, 51 N. Y. 140; *Stratton* v. *Hussey*, 62 Me. 286; *Rice* v. *Garnhart*, 35 Wis. 282; *Weed* v. *Boutelle*, 56 Vt. 571.

The existence of a judgment can only be proven by the judgment roll and not by final entry not showing jurisdiction of the Court. *Harper* v. *Rowe*, 53 Cal. 233; *Young* v. *Rosenbaum*, 39 Cal. 653; Abbott's Trial Evidence 533; 1st Wharton, Sec. 824; *Platt* v. *Stewart*, 10 Mich. 260;

*Hiram W. Gray, Esq., Messrs. Dey & Street* and *Messrs. Booth, Lee & Gray*, for respondents.

The entry of judgment for costs and the motion to require the clerk to satisfy the same, and the order of the Court directing the clerk to satisfy the same is a special proceeding and an incident to the action.

Appeals lie from final judgments only. *North Point Consolidated Irrigation Co.* v. *Salt Lake Canal Co.*, 14 Utah, 155; *Eastman* v. *Gurrey*, 14 Utah, 169.

A judgment to be final must dispose of the case as to all parties and finally dispose of the subject-matter of the litigation on the merits of the case. *North Point C. I. Co.* v. *S. L. C. Co., supra; Champ* v. *Kind*, 30 N. E., 635; *Masterson* v. *Williams*, 11 S. W., 531; *Schuttz* v. *McLeon*, 18 Pac. 775; *Watkins* v. *Mason*, 4 Pac. 524; *State* v. *Templin*, 23 N. E. 697.

At the time this motion was heard before the court, to-

wit: the 27th day of December, 1897, there was no statute in Utah, allowing an attorney's lien upon a judgment.

At common law an attorney had no lien for fees and costs upon a judgment obtained by him in favor of his client. *Hogan* v. *Black*, 66 Cal., 441; *Casey* v. *March*, 30 Tex., 185; *Nichols* v. *Poole*, 89 Ills., 491; *Hills* v. *Brinkley*, 10 Indiana, 102; *Baker* v. *Cook*, 11 Mass., 238.

"Many of the statutes concerning proceedings supplemental to execution contain a provision under which the person summoned as garnishee is authorized to pay the officer charged with the service of the execution, any money due to the judgment debtor. Where statutory provisions of this nature are in force there can be no doubt that a payment made to the sheriff will be a discharge of the debtor as to the amount so paid, provided that at the time of payment the person paying is still the debtor to the judgment debtor." Sec. 423, Vol. 2, 2d ed., Freeman on Executions, *Hallahan* v. *Crow*, 15 Ohio State, 176; *Davis* v. *Staples*, 45 Mo., 567; *Judd* v. *Littlejohn*, 11 Wis., 184; *Dunbar* v. *Harnesberger*, 12 Wis., 415; *Moore* v. *C. R. I. & P. Ry.*, 43 Iowa, 385.

BARTCH. J.

This case, of the Victor Gold and Silver Mining Co. against the National Bank of the Republic, was originally tried in 1895, and judgment entered in favor of the defendant.

It appears that on appealing the case the plaintiff was unable to bear the expenses, and that its attorneys furnished the money necessary to take the appeal. The appellate court reversed the case, remanded it for a new trial, and adjudged that the appellant should recover its costs to be taxed and have execution therefor. The costs

were then regularly taxed at $242.88, but the clerk refused to issue execution, on the ground that the costs had been offset against two other judgments which had been recovered against the plaintiff. On these judgments the defendant had been served with writs of execution and had paid the officer serving the same $235.39, and then having paid $7.40 to the clerk of the court, made a motion for an order of the court to require the clerk to enter satisfaction of the judgment for costs, so taxed, in pursuance of the mandate of the appellate court. This motion was resisted by Brown & Henderson, for themselves and for the plaintiff Victor Gold and Silver Mining Company, they presenting affidavits, showing that the money had been advanced by the attorneys and belonged to them, and contending that they were entitled to a lien on the judgment. On March 4, 1898, the court sustained the motion holding that the attorneys had no lien on the judgment for costs, and ordered that the costs taxed in favor of the plaintiff be offset against the executions, and that the judgment be satisfied. Thereupon the plaintiff and Brown & Henderson, the attorneys, appealed.

The respondent insists that the decision appealed from was not a final judgment, and therefore not appealable. We do not think this position is well taken. The judgment for costs was entered in pursuance of the mandate of the Supreme Court. The motion was made to offset these costs and satisfy that judgment. A hearing was had thereon at which affidavits were presented, and other evidence introduced, all parties being present, and the cause regularly submitted to, and finally decided by the court. That decision, as to those costs, and the rights of the plaintiff in the original action and his attorneys, was a final judgment, preventing either of the parties from ever recovering them in any way. The order was made in a

matter distinct from the general subject of litigation, and was final in its nature, affecting only the parties to the particular controversy. By that judgment or order the rights of the appellants to the costs were absolutely determined, and, therefore, they had a right to bring the cause to this court for review. Const. Art. 8, Sec. 9; *Williams* v. *Morgan*, 111 U. S. 684; *Hovey* v. *McDonald*, 109 U. S. 150; *Trustees* v. *Greenough*, 105 U. S. 527; *Curtis* v. *Richards*, 40 Pac. 57.

It appears that on the 8th of April, 1898, the court filed a finding of facts, and the respondent maintains that it was an additional finding, made at the request of the defeated party, subsequent to the decision, and that therefore this court on appeal can consider neither the additional finding nor the evidence on which it was based. This court cannot disregard a finding of facts simply because it was filed subsequent to the rendering of the decision of the court.

Secs. 3168 and 3169, R. S., as to the time and order of filing the finding of facts and entry of judgment are directory merely and not mandatory. 5 Ency. Pl. & Pr. 939; *Broad* v. *Murray*, 44 Cal. 228.

Under the statute, however, an express finding of facts is necessary, and, where it contains mere general conclusions instead of facts involved in the issues, and affords no information as to the particular facts considered by the court as established, the court has power after filing the same to correct, amend, or modify the finding, so as to give true expression to the decision of the court, as to the rights of the parties. *Bixby* v. *Bent*, 59 Cal. 522. *Polhemus* v. *Carpenter*, 42 *Id.* 375.

In this case it does not appear that any express finding of facts was filed prior to the filing of the one in question. It is true the court previously filed an opinion, but, while an opionion of a court, in deciding a case, setting forth

the reasons for the judgment, may be of great importance on account of the information which it imparts respecting the legal principals which govern, the court and should guide the litigants, such opinion is not a finding of facts, within the meaning of the statute, and will not be so regarded. The "decision" which is required to be filed, under Sec. 3168, is an entirely different thing from an "opinion" which a trial court may or may not file as it pleases. The decision of a court is its judgment, the opinion consists of the reasons given for the judgment. In rendering the decision the finding of facts and conclusions of law must be separately stated, and when so stated they form the basis of the judgment or decision. Sec. 3168, R. S.; 5 Ency. Pl. & Pr. 936, 937 and note; *McClory* v. *McClory*, 38 Cal. 575.

Under the circumstances shown by the record, we would not be warranted in disregarding the finding in question. It must be considered not as an additional finding of facts, but as the one showing the facts involved in the issues.

The appellants insist that the court erred in holding that the attorneys had no lien on the judgment for costs and disbursements and in ordering that the defendant National Bank of the Republic, in the original action, had the right to offset other judgments, which had been obtained against the plaintiff, against the judgment for costs. We are of the opinion that this contention is well founded. As we have seen the judgment for costs was entered pursuant to the mandate of the supreme court and the appellant, in the original case was to have execution for the same. The judgment was made up wholly of costs and disbursements, and these, their client being unable to do so, had been paid by the attorneys, who, it appears, were confident that the case had been erroneously decided by the trial court against their client, and were successful in

the appeal, to prosecute which the costs and disbursements were incurred.    Under these circumstances it is apparent that the attorneys were entitled to be reimbursed for their expenses so incurred and paid, and the judgment having been entered for such costs, the attorneys had a lien on that judgment paramount to all other claims.    Such lien could not be discharged, nor the judgment satisfied, by payment to any other person, or persons, except the attorneys.    Nor could the judgment for costs, under the circumstances, be offset against other judgments which had been obtained against their client.    When, therefore, the defendant, National Bank of the Republic, paid the amount of its indebtedness, under the judgment for costs, to other parties having claims against the plaintiff, it made such payment at its peril, and cannot now set them up as a bar to recovery upon the judgment for costs, nor have that judgment offset against other judgments so illadvisedly paid by it.

In this case the attorneys were not even required to give notice that they claimed a lien, because the judgment being for costs only, it of itself imparted legal notice of the lien.    Such lien rests upon the equity of the claim of an attorney to be reimbursed out of the proceeds of the judgment which he recovered for his client, on account of which the costs have arisen and have entered into the judgment itself.    That the lien exists, as to costs and disbursements, is well settled by the weight of authority, and many decisions hold that it exists for compensation for services as well.

In *Marshal* v. *Meech, et al*, 51 N. Y. 140, it was said. "Such a lien existed before the Code, and is not affected by any provision of the Code.    The lien exists not only to the extent of the costs entered in the judgment, but for any sum which the client agreed his attorney should have

as a compensation for his services. To the amount of such lien, the attorney is to be deemed an equitable assignee of the judgment. To the extent of the taxed costs entered in the judgment, the judgment itself is legal notice of the lien, and this lien cannot be discharged by payment to any one but the attorney. The judgment debtor pays these costs to the party at his peril. But if the attorney claims compensation beyond the taxed costs, under some agreement with his client, express or implied, his lien for such compensation can be protected against payment to the client only by notice to the judgment debtor."

In *Currier* v. *Boston and Maine Railroad*, 37 N. H. 223, it was held that an attorney had a lien upon the judgment rendered in favor of his client for the amount of his fees and disbursements in the suit, but that the lien extended only to the fees and disbursements of the attorney on account of the taxable costs.

So, in *Stratton* v. *Hussey*, 62 Me. 286, it was observed: "The attorney need not notify the debtor of his lien. The right of lien is paramount to that of the parties to a setoff of mutual demands. It cannot be defeated by a discharge of the client. It is of the highest equity, and is entitled to the fullest protection."

Mr. Justice Lyon, in *Rice* v. *Garnhart*, 35 Wis. 282, said: "It cannot be doubted that the attorney has a lien upon the judgment which he has received for his client, for his services and disbursements in recovering the same."

The lien of an attorney on a judgment for costs also exists in England. 3 Am. & Eng. Ency. of Law, (2d ed.) 447; 2 Kent. Comm. 641; Story on Agency, Sec. 383; *Rooney* v. *Second Ave. R. Co.*, 18 N. Y. 368; *McDonald* v. *Napier*, 14 Ga. 89; *Weed Sewing Machine Co.* v.

*Boutelle,* 56 Vt. 570; *Carpenter* v. *Sixth Ave. R. Co.,* 1 Am. Law Reg. 410, 419; *Wells* v. *Hatch,* 43 N. H. 246; *McGregor* v. *Comstock,* 28 N. Y. 237; *Ely* v. *Cooke, Id.,* 365; In Re *Paschal,* 10 Wall. 483; *Henchey* v. *City of Chicago,* 41 Ill. 136; *Louisville, etc., Ry. Co.* v. *Wilson,* 138 U. S. 501; *Coughlin* v. *N. Y. C. & H. R. R. Co.,* 71 N. Y. 443; *Ward* v. *Craig,* 87 N. Y. 550; *Barker* v. *St. Quintin,* 12 M. & S. 440, 451; *Ormerod* v. *Tate,* 1 East 464.

We expressly refrain from passing upon the question whether or not an attorney is entitled to a lien upon a judgment obtained by him for his services in obtaining it, because such question is not involved in this case. It must be admitted that the authorities, especially in this country, on the question of an attorney's lien at common law on a judgment are not harmonious. The cases cited by respondent from California show that the opposite view prevails in that state, and it appears the trial court followed those decisions. We think, however, that the weight of authority accords with the views herein expressed.

We do not deem it important to discuss any other points presented, as the question of lien is decisive of this case.

The case is reversed and remanded with directions to the court below to set aside its order and decree in the premises. Costs to be awarded the appellants.

ZANE, C. J. and MINER, J. concur.