## GULF, C. & S. F. RY. CO. v. WILLIAMS *et al.*

No. 4201.    Opinion Filed October 12, 1915.

(152 Pac. 395.)

1.  **APPEAL AND ERROR—Failure to Object—Special Findings.** Whilst the right of a party to have the trial court make separate findings of fact and conclusions of law is a substantial right, the rule is well settled that, where the court attempts to make special findings upon the request of a party, and inadvertently fails to make special findings upon some particular matter in controversy, or makes such findings in too general terms, the court does not thereby commit substantial error unless its attention is first called to the omission to find, or to the defective finding, and it then fails or refuses to correct the same.

2.  **SAME—Assignment of Error—Findings and Conclusions—Formal Sufficiency.** Record examined, and **held:** (1) The findings of fact

and conclusions of law made by the trial court are in substantial compliance with the requirements of the statute; (2) the evidence adduced at the trial reasonably tends to support the findings of fact.

3. **ATTORNEY AND CLIENT—Fee—Actions Against Adverse Litigant—Measure of Recovery—Evidence.** Where an attorney and counselor at law, pursuant to chapter 4, Session Laws 1909, contracts with his client, the plaintiff in an action for damages for personal injuries against a railway company, for a certain per cent. of any amount collected as damages in said cause, or of such compromise as may be made with the consent of said attorney, and said cause is compromised without the consent of said attorney, he may prosecute a separate action against the adverse litigant to recover his fee, and the measure of his recovery shall be the sum he would have received had the cause of his client proceeded to final judgment; and, to determine this, he may establish the merits of his client's cause of action.

4. **SAME—Amount of Fee—Recovery From Adverse Litigant.** Opinion in **Herman Const. Co. v. Wood**, 35 Okla. 103, 128 Pac. 209, re-examined, and the applicable part thereof approved and applied herein.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*

*R. McMillan, Judge.*

Action by Ben Williams and others against the Gulf, Colorado & Santa Fe Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Cottingham & Hayes,* for plaintiff in error.

*Ben F. Williams,* for defendants in error.

KANE, C. J. This was an action commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below, pursuant to chapter 4, Session Laws 1909, entitled "An act to provide for attorney's liens upon a client's cause of action, authorizing contracts between attorneys and clients, and providing for enforcement of such liens." The cause out of which this action arose was an action for personal injuries entitled "Sallie Lynch v. Gulf, Colorado & Santa Fe Railway Company." The petition in the case at bar alleges, in substance, that

said plaintiffs, who are attorneys and counselors at law, were employed by said Sallie Lynch to prosecute said personal injury action, and said defendants in error entered into a contract with said Sallie Lynch, whereby said plaintiffs, in consideration of certain services, were to receive 50 per cent. of any amount collected as damages in said cause, or of such compromise as might be made therein with the consent of said attorneys; that the amount said Sallie Lynch would reasonably have recovered in said action, if the same had not been settled, is the sum of $2,000; that after the commencement of said action, and at a time said parties were ready to proceed to trial therein, said defendant, without the knowledge or consent of said plaintiffs, and with no notice of any kind whatever to them, entered into a compromise with said Sallie Lynch without making any provision for the payment of said attorney's fee; that by reason of said compromise and settlement of said cause, said defendant, by virtue of said act, became liable to said plaintiffs to the extent of $1,000 under said contract.

The answer of the defendant was an unverified general denial followed by several paragraphs attacking upon various grounds the constitutionality of the act under which the proceeding was instituted. Upon the cause being reached for trial, counsel for defendant requested the court to make findings of fact and conclusions of law. At the close of plaintiffs' evidence, there being no evidence on behalf of the defendant, the trial court made its findings of fact and conclusions of law, upon which it entered judgment in favor of the plaintiffs in the sum of $1,000, to reverse which this proceeding in error was commenced.

Counsel for plaintiff in error in their brief present their assignments of error under several heavy-type sub-heads, as follows:   (1) Findings of fact and conclusions of law insufficient;  (2) the purported findings of fact and conclusions of law are not supported by the evidence or the law;  (3) the judgment is not supported by the evidence.

Before taking up a discussion of the specific errors assigned in their order, it may be well to state that the act pursuant to which this proceeding was instituted is carefully analyzed and construed and its constitutionality upheld in the case of *Herman Const. Co. v. Wood,* 35 Okla. 103, 128 Pac. 309, and that the questions herein involved will be considered in the light of our previous rulings, without rediscussing any of the legal propositions involved herein which are common to both cases.

Of the findings of fact and conclusions of law prepared by the trial court counsel for plaintiff in error say:

"The so-called findings of fact and conclusions of law made by the court are not a concise and distinct written statement in proper order of each specific fact found separate from the conclusions of law drawn from such facts, but is merely an opinion of the court."

In support of their contention that the cause should be reversed upon this ground, they cite such cases as *Rogers v. Bonnett,* 2 Okla. 553, 37 Pac. 1078; *A., T. & S. F. Ry. Co. v. Ferry,* 28 Kan. 686; *Vickers v. Buck Stove & Range Co.,* 70 Kan. 585, 79 Pac. 160; *U. S. v. Sioux City Stockyards Co.,* 167 Fed. 126, 92 C. C. A. 578; *Victor Gold & Silver Min. Co. v. Nat. Bank of the Republic,* 18 Utah, 87, 55 Pac. 72, 72 Am. St. Rep. 767; *Hidden v. Jordan,* 28 Cal. 301; *McClory v. McClory,* 38 Cal. 575, etc.

49—5

In our judgment, the cases cited are not exactly in point. In most of the cases we have examined it appears that the documents filed by the trial courts were not prepared as findings of fact and conclusions of law upon request of counsel, pursuant to statute, but merely voluntary resumes of the testimony and the reasons for the decisions of the courts in the form of opinions. In discussing such a situation in *Victor Gold & Silver Mining Co. v. National Bank of the Republic, supra,* the court says:

"The 'decision' which is required to be filed, under section 3168 [Rev. St.], is an entirely different thing from an 'opinion' which a trial court may or may not file as it pleases."

In the case at bar the findings of fact and conclusions of law were prepared as such pursuant to the request of counsel for plaintiff in error. They are so designated in the record, and they were intended as such by the trial court and the parties. Undoubtedly they embody the best effort possible of the trial court to comply with the statute. The only criticism that is directed toward them is their length, generality, and lack of form, and that was not done until after the cause had reached the Supreme Court.

No decision has been called to our attention wherein a reversal was had upon identical grounds. The findings of fact and conclusions of law may not be perfect models of form, diction, or perspicacity, but, in our judgment, they constitute a substantial compliance with the statute, and, as there was no dispute as to the facts of the case, we think they are sufficient in form and substance to meet all practical requirements. *Smith v. Roads,* 29 Okla. 815, 119 Pac. 627; *McAlphin v. Hixon,* 45 Okla. 376, 145 Pac. 386.

Moreover, whilst the right of a party to have the court make separate findings of fact and conclusions of law is a substantial right, the rule is well settled that, where the court attempts to make special findings upon the request of a party, and inadvertently fails to make special findings upon some particular matter in controversy, or makes such findings in too general terms, the court does not thereby commit substantial error, unless its attention is first called to the omission to find, or to the defective finding, and it then fails or refuses to correct the same. *Briggs & Watson v. Eggan,* 17 Kan. 589. The cases cited in the principal case as supporting this rule are: *Hazard Powder Co. v. Viergutz,* 6 Kan. 471; *K. P. Ry. Co. v. Pointer,* 14 Kan. 51; *Carlin v. Donegan,* 15 Kan. 495.

Upon the question presented under the second subhead, it is sufficient to say that we have examined the evidence adduced at the trial, and find that it reasonably tends to support the findings of fact and conclusions of law made by the trial court. Under this subhead counsel also seek to question the admissibility of certain evidence introduced at the trial; but, in our judgment, the only question properly raised by the assignment is whether, as a whole, the evidence adduced reasonably tends to support the conclusions of law and findings of fact.

In support of the third assignment counsel for plaintiff in error say:

"There was not a scintilla of evidence offered upon the trial of this case as to what would be a reasonable attorneys' fee had the attorneys been permitted to complete their contract. There was no finding of fact by the court

that $1,000 would have been a reasonable fee had they been permitted to complete their contract."

Section 4 of the act provides:

"Should the amount of the attorney's fee be agreed upon in the contract of employment, then such attorney's lien and cause of action against such adverse party shall be for the amount so agreed upon. If the fee be not fixed by contract the lien and cause of action, as aforesaid, shall be for a reasonable amount for not only the services actually rendered by such attorney, but for a sum, which it might be reasonably supposed, would have been earned by him, had he been permitted to complete his contract; and such attorney may present, upon the hearing, the facts essential to establish the merits of the cause in which he was employed. Should the contract be for a contingent fee and specify the amount for which action is to be filed, then the lien and cause of action, as aforesaid, shall be for the percentage of the amount to be sued for, as mentioned in said contract."

It thus appears that by the terms of the statute "a reasonable attorney's fee" is not the measure of plaintiffs' recovery. Pursuant to section 2 of the act, they contracted for a percentage of the proceeds of their client's cause of action, whether collected by suit or compromise made with their consent, and upon compromise without their consent, proceeded to enforce their rights by action against the railway company, pursuant to section 3. Upon the trial the court permitted the plaintiffs to introduce the facts essential to establish the merits of the cause in which they were employed, and after hearing such evidence found "that $2,000 would have been little for the damage to that old woman." Therefore, the court concludes, the plaintiffs are entitled to recover from the defendant the sum of $1,000, with interest on the same

from the date of the compromise. This was in strict conformity with the rule laid down in *Herman Construction Co. v. Wood, supra.* It is true counsel seek to distinguish the case at bar from that case, but the precise situation presented by the record herein and the rights of the parties thereunder were fully and satisfactorily discussed in the former case, and we approve and adopt the applicable portion thereof. Speaking generally of the statute, the court said:

"The statute under consideration has extended the foregoing rule so that, when a settlement is made by a client of a cause of action on which his attorney has a lien and an interest therein to secure him compensation for his services without consent of the attorney, such settlement does not bind the attorney as to the amount of fee he shall receive, where the contract is for a contingent percentage of the judgment recovered or of settlement with the attorney's consent; but such attorney may prosecute a separate action against the adverse litigant who has settled with notice of the attorney's interest to recover as his fee the sum that he would have received had the action of his client proceeded to final judgment, and in so doing he may establish the merits of his client's cause of action."

Speaking specifically of the procedure and the measure of recovery, the court said:

"What is the fee due him, or to become due him under his contract of employment, made under section 2 of the act? It is a fee for a stipulated per centum of the judgment or 'of compromise as made with the consent of the attorney.' There having been no compromise with the consent of the attorney, but one made without his consent, the attorney's right of action is for the fee measured by the stipulated percentage of the judgment his client was entitled to recover, and the last clause of section 3 provides a procedure for the recovery of such

fee by authorizing the attorney to prosecute in any court of competent jurisdiction an action filed within one year after he becomes aware of such compromise for the collection of such fee and enforcement of the lien to secure the same.

"Section 4 continues to outline the procedure that an attorney is authorized to pursue for recovery of his fee when a settlement has been made without his consent. The first sentence provides for those cases in which the contract between attorney and client is for a specified sum. The second sentence provides for those cases in which there is no agreement as to the fee, and the third and last sentence as to contracts stipulating for a contingent fee. If the last sentence be construed as plaintiff contends for, then it will be in conflict with the provisions both of section 2 and of section 3, for section 3 provides that an attorney serving for a contingent fee, where settlement has been made without his consent, may bring his action to enforce his lien for the sum due him or to become due him under his contract, which, in this case, is 50 per centum of any judgment obtained. Again, such literal construction renders said sentence in conflict with section 2 and of doubtful meaning, if not impossible application, because it provides that the lien and cause of action 'shall be for the percentage of the amount to be sued for as mentioned in said contract,' contemplating under plaintiff's construction that the contract provides for a percentage of the amount sued for; but section 2 does not authorize such a contract, and authorizes a contract only for a percentage of the judgment recovered or compromise made with the attorney's consent. The intention of the lawmakers by this section, we think, was to provide as to this class of contracts, in connection with said section 3, that the attorney, where settlement has been made without his consent, may bring his action against the adverse litigant for an amount not to exceed the percentage of the amount sued for, and recover to the extent only that he may show upon the trial his client was entitled to recover; and, for the pur-

pose of enforcing his lien, he may in a suit therefor produce evidence as to the merits of his client's cause of action and to establish the amount which he was entitled to recover, and therefrom ascertain the fee the attorney would have been entitled to receive and would have become due under his contract had the cause been prosecuted to final judgment, and thereby secure judgment against the adverse litigant for such sum."

It is worthy of note that, whilst the opinion in *Herman Construction Co. v. Wood, supra,* was not prepared or handed down at the time the case at bar was tried, counsel for plaintiffs presented their cause below with such fidelity to the act as therein construed as to show themselves sensible and almost prescient of that event.

Finding no reversible error in the record, the judgment of the court below is affirmed.

All the Justices concur.