## PEARSON v. EVANS.

No. 12006—Opinion Filed Oct. 16, 1923.

**1. Attorney and Client—Contract for Contingent Fee—Validity—Lien.**

It shall be lawful for an attorney to contract for a percentage or portion of the proceeds of a client's cause of action or claim, not to exceed 50 per centum of the net amount of said judgment as may be recovered, or such compromise as may be made, whether the same arises ex contractu or ex delicto and no compromise or settlement entered into by a client without such attorney's consent shall affect or abrogate the lien provided for in this chapter. (section 4101, Compiled Statutes 1921.)

**2. Same—Compromise and Settlement of Judgment—Rights of Parties.**

Where the plaintiff's attorney under his contract with plaintiff was entitled to "an amount equal to one-half of any sum which may be collected by him after suit has been commenced," and after judgment and pending an appeal to the Supreme Court defendant and plaintiff effected a settlement for a less sum than the judgment, the amount of the attorney's lien was one-half of the sum for which settlement was made, and not one-half of the original judgment, and where plaintiff's attorney retains more than one-half of the proceeds of such settlement, the plaintiff may recover from such attorney the excess so retained by him over and above one-half of such settlement, whether the plaintiff had or had not actual knowledge of the amount received by such attorney in the settlement.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Andrew Evans against A. E. Pearson. Judgment for plaintiff, and defendant appeals. Affirmed.

Ledbetter, Stuart & Bell and Pearson & Baird, for plaintiff in error.

W. J. Davidson, for defendant in error.

Opinion by PINKHAM, C. This was an action commenced by the defendant in error, as plaintiff, against the plaintiff in error, as defendant. There was a verdict for plaintiff for $383, with interest at 6 per cent. from February 19, 1918, and on July 17, 1920, judgment was rendered upon said verdict in the sum of $412.15, with interest from date.

The cause of action as stated in the petition filed in the district court, was to the effect that plaintiff on January 8, 1917, employed the defendant as an attorney at law,

to represent him in a certain action against one T. O. Bivins, and the Cushman Motor Works, for personal injuries which he had sustained in an automobile accident on the 25th day of September, 1916.

The contract of employment between plaintiff and defendant was in writing and a copy thereof attached to the petition. The correctness of the copy of the said contract is admitted.

This contract of employment provided for a contingent fee, and by its terms plaintiff agreed with the defendant to give him an assignment of a one-third interest in any amount which might be collected by the defendant upon said claim, without suit, but that, in the event that suit became necessary, the plaintiff agreed to transfer, assign, and set over to the defendant, "an amount equal to one-half of any sum which may be collected by him after suit has been commenced."

The plaintiff further alleged in his petition that in the suit filed for damages for these injuries by the defendant, as his attorney, there resulted a verdict and judgment in his favor in the sum of $3,500, such judgment being rendered on the 11th day of September, 1917: and that on the 19th day of February, 1918, while the said action was pending in the district court, and said judgment was unsatisfied, the defendant, with the consent of the plaintiff, negotiated a compromise and settlement of said judgment with the attorney for the defendant in that case for the sum of $2,000, which sum was paid to the defendant, and that the latter, notwithstanding the existing contract in writing heretofore referred to, retained $1,400, and gave to the plaintiff but $600. The plaintiff admitted that he had also received $17 from the defendant, and that there was due him from the defendant the remaining sum of $383, with interest.

In the answer of the defendant in addition to a general denial, defendant admitted that he represented the plaintiff in a damage suit, and that the plaintiff recovered judgment in that suit against the Cushman Motor Works for $3,500.

For further answer defendant alleged that under and by virtue of a contract the defendant had with the plaintiff when said judgment was rendered, the defendant was to have a half-interest in said judgment, and that the plaintiff, over the protest of the defendant, settled his interest in said judgment for $600; that the plaintiff settled said

judgment of his own accord as to his interest; that plaintiff was present when the matter was settled, and was present when the check for $2,000 was made to him and the defendant; that said settlement for $600 on the part of the plaintiff was his own individual settlement and that defendant had nothing to do with the plaintiff settling his part for $600.

A number of assignments of error are urged for reversal of the judgment, and they are presented and discussed in the brief of defendant under three propositions.

In the concluding part of his brief, defendant summarizes those propositions substantially as follows; that plaintiff did not offer any testimony to prove the case as set out in his petition, that the court did not instruct the jury on the issues as raised by the pleadings; that the plaintiff did not reply to the answer of the defendant, leaving the burden of proof where the pleadings left it, on the plaintiff; that the court placed the case on the question of fraud by his instructions; and the pleadings leave it entirely with the contract.

In the consideration of these propositions discussed by defendant in his brief, it becomes necessary to briefly review the undisputed facts disclosed in the record, which are substantially as follows:

The plaintiff, a negro laborer, employed the defendant, as attorney at law, to represent him in an action for personal injuries. A written contract of employment was entered into by the terms of which in the event that suit became necessary, the plaintiff agreed to transfer and assign to the defendant "an amount equal to one-half of the sum which may be collected after suit has been commenced". In pursuance of the said contract of employment the defendant instituted an action on behalf of his client which resulted in a verdict and judgment for $3,500. That was not a final judgment, as the record discloses that the attorney for the casualty company that furnished the insurance to the Cushman Motor Works, the defendant in the personal injury case, had the record of that case completed and ready to file for an appeal to the Supreme Court.

In that situation, the plaintiff, the defendant, and the attorney for the casualty company, Mr. Spielman, at the office of the latter entered into a compromise settlement, at which time and place Mr. Spielman had a check or draft for $2,000 made payable to the joint order of the plaintiff and defendant. This check was delivered by Mr. Spielman to the defendant. Mr. Spielman at the time took a satisfaction piece for the judgment in the case of Evans v. Cushman Motor Works, which was signed by Andrew Evans and A. E. Pearson, attorney for plaintiff, whereby satisfaction and payment in full of the judgment in the personal injury case was acknowledged of record.

The record further discloses that the defendant after securing the indorsement of the plaintiff to the $2,000 check gave to the plaintiff his personal check for $600, and it then being after banking hours, the defendant instructed the plaintiff to return the next day at which time he accompanied the plaintiff to the Exchange National Bank, where the defendant transacted business, for identification, at which time the plaintiff then drew $600 in currency.

It was the defendant's theory as shown in his answer to plaintiff's petition, and is amplified in his brief, that he was entitled to one-half of the amount of the judgment of $3,500. Under the third proposition submitted in his brief, defendant says:

"We think it should not be questioned that the plaintiff in error had an undivided one-half interest in said judgment and having an undivided one-half interest in said judgment he had a right to demand whatever he desired for his one-half interest in the same as long as his demand was not greater than one-half of the face of the judgment."

The error in this proposition is that it ignores both the contract of employment and the statute law of this state.

By the express terms of the contract he was to receive for his legal services "an amount equal to one-half of any sum which may be collected by him after suit is commenced" and not, as alleged in his answer and earnestly argued in his brief, a half interest in the judgment in the personal injury case, regardless of what sum might be collected by a compromise settlement. Section 4101, Compiled Statutes 1921, provides:

"It shall be lawful for an attorney to contract for a percentage or portion of the proceeds of a client's cause of action or claim not to exceed fifty per centum of the net amount of said judgment as may be recovered, or such compromise as may be made, whether the same arises ex contractu or ex delicto, and no compromise or settlement entered into by a client without such attorney's consent shall affect or abrogate the lien provided for in this chapter."

In the case of Curtis v. Metropolitan St. Ry. Co. (Mo. K. C. App.) 94 S. W. 762, it is said in the syllabus:

"Where the plaintiff's attorney, under his contract with plaintiff, was entitled to 50 per

cent. of the recovery, and after judgment and pending motions for a new trial and in arrest of judgment, defendant and plaintiff affected a settlement for a less sum than the judgment, the amount of the attorney's lien was 50 per cent. of the sum for which settlement was made, and not 50 per cent. of the judgment."

In Leslie v. York, 112 Ky. 712, 66 S. W. 751, it is held in the syllabus:

"A client who agrees to pay his attorneys an amount equal to one-half of what they 'recover' is liable only for an amount equal to one-half of what he actually obtains by the judgment recovered, and not one-half of the amount of the judgment."

In Corpus Juris, vol. 6, sec. 322, it is stated:

"The percentage coming to the attorney is usually reckoned on the amount actually recovered, and not on the amount of the judgment rendered, unless the language of the contract is such as to justify such an interpretation."

The contract of employment between the parties in the case at bar was drawn in conformity with the statute quoted, and it is difficult to understand upon what theory the defendant, in view of the admitted facts, bases his contention that out of a sum of $2,000, collected in full satisfaction of the judgment, he would be justified in retaining $1,400, for himself, leaving the balance of $600, for his client.

Defendant in his brief directs our attention to three cases decided by this court in support of his contention: Herman Construction Co. v. Wood, 35 Okla. 103, 128 Pac. 309; Gulf, C. & S. F. Ry. Co. v. Williams, 49 Okla. 126, 152 Pac. 395; Allen v. Shepherd, 69 Okla. 47, 169 Pac. 1115. These cases, we are constrained to say, have no application to the question here presented. These cases relate to liens of attorneys for fees under sections 4101-2-3, Comp. Stat. 1921, with reference to settlements entered into by clients without the consent of the attorney. As the record in this case shows conclusively that the settlement was made with the consent of the defendant, the cases cited are not in point.

Defendant contends that the evidence discloses that the parties, attorney and client entered into a special arrangement, by the terms of which each settled with the attorney of the casualty insurance company, who furnished the insurance for the judgment debtor in his personal injury case, whereby the defendant should have $1,400, and plaintiff $600, at the time of the settlement made in Mr. Spielman's office on February 9, 1918, and that such settlement should not be disturbed, and therefore the finding of the jury for the plaintiff was contrary to the evidence.

There is evidence in the record that the plaintiff was willing, and even anxious to accept $600. The record discloses that he had fallen behind in his rent about $150, while disabled, and that he needed the money. He nevertheless testified that he was not advised and did not know that $2,000 was being paid in the compromise. There was a sharp conflict in the evidence on this question, and this issue of fact was submitted to the jury under the instructions of the court.

The statement of the admitted facts is a sufficient answer to the propositions discussed by defendant in his brief. Under the defendant's contract of employment and under the statute he was entited to receive "an amount equal to one-half of the sum which was collected by him", and he was entitled to such percentage of the judgment because the statute makes it "lawful for an attorney to contract for a portion of the proceeds of a client's cause of action, or claim, not to exceed fifty per centum of the net amount of said judgment as may be recovered, or such compromise made," and he was entitled to no more than the percentage permitted by law and agreed to in the contract. If the contract had provided for a percentage greater than that fixed by the statute, such a contract would be void as to any sum agreed on in excess of the statutory amount, and it is equally clear that after the recovery of a judgment and before the judgment becomes final, it would not be lawful for the attorney to dictate the terms of settlement in excess of the maximum percentage authorized by statute and in excess of the amount agreed upon in his contract of employment; so that the question of whether the plaintiff had or had not actual knowledge of the amount received by his attorney was not a material issue in the case.

Defendant contends that the case under the instructions went to the jury as one based upon fraud and not on contract. We cannot agree with that contention.

The part of the court's instruction No. 1, complained of, is as follows:

"He (plaintiff) alleges that the defendant was employed by him as an attorney in a certain case in the district court wherein a verdict was returned and judgment entered on the verdict in the sum of $3,500. That the defendant effected a compromise, and a compromise of the judgment was had in that case wherein the defendant received the sum of $2,000, of which amount the plaintiff received $600. That the defendant overreached him and that he was without actual knowledge of the amount received by the defendant in the settlement of said case."

In instruction No. 2, the court instructed the jury as follows:

"To the petition of the plaintiff, the defendant has filed his answer in which he denies generally the allegations of plaintiff's petition. He alleges that the settlement was had, but that the plaintiff had full knowledge of the terms of the settlement and that under said settlement he was to receive $600 in compromise of his fifty per cent. of the settlement, and that the plaintiff in fact made the settlement, and that under the terms of said settlement the defendant was to receive $1.400 and the plaintiff $600,and that all the terms of the settlement were fully known to plaintiff and that the plaintiff had not been overreached, as alleged in the petition."

These instructions fairly stated the issues raised by the pleadings and the evidence and are not subject to the objection made by defendant in his brief that they did not place the issues before the jury. The further contention that the instructions complained of went to the jury on the question of fraud and not on the contract cannot be sustained.

The one and only question in the case is whether under the admitted facts the defendant was or was not entitled to retain more than one-half of the proceeds of the compromise settlement, and the determination of that question depends upon the proper construction of the contract and of the statute relative to contingent fees. The issue of fraud was not raised in the pleadings or in any proper sense in the evidence. Our examination of the record in this case and of the briefs of the respective parties to this suit fails to disclose any error which would justify a reversal.

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.