## QUINETTE v. MITSCHRICH.

No. 14924—Opinion Filed March 3, 1925.

Rehearing Denied April 28, 1925.

### 1. Contracts—Construction—Intention.

In the construction of a contract, the real intention of the parties may control the letter thereof, or the strict letter may be enlarged so as to give effect to the intention as gathered from the whole contract, when read in the light of circumstances under which it was executed.

### 2. Attorney and Client—Contract for Contingent Fee—Client's Settlement as Waiver of Right to Full Performance by Attorney.

An attorney agreed to prosecute an action for personal injuries where same was pending in the federal court, or to bring any other action he deemed proper to prosecute same to final conclusion and to accept for his services a certain contingent percentage of the recovery if by final judgment, but a smaller precentage in case of settlement without trial. On his first trial he was defeated, appealed, and the case remanded. On the second trial he procured a judgment, which was reversed on a second appeal. He then dismissed and filed suit in the state court on the same cause of action. Thereafter, without his knowledge, his client compromised and settled for the same amount for which judgment had been once procured. Held, although the cause was not tried in the state court, same was not settled without trial within the contemplation of said contract. Held, further, that the client, by such settlement, waived the right under the contract to have the attorney prosecute the action in the state court to final judgment; and although the attorney did not perform the letter of his contract by procuring a judgment in the state court, he had substantially performed same and was entitled to the larger contingent fee.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by Jermain P. Quinette against Charles Mitschrich. Judgment for defendant on his demurrer to petition. Plaintiff-appeals. Affirmed.

S. I. McElhoes, for plaintiff in error.

Stevens & Cline, for defendant in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiff, Quinette, alleged that he employed defendant, Mitschrich, by contract containing this:

"Now, therefore, it is agreed between the parties that the said first party does hereby employ the said second party as his attorney in said suit now pending against the Pullman Palace Car Company to prosecute said suit or any other suit for said injuries that may, in the judgment of said second party be proper to recover damages for the said injuries whether the same be instituted or carried on against the Pullman Palace Car Company alone, or against the Pullman Palace Car Company and the St. Louis and San Francisco Railroad Company jointly, and in consideration of the said second party undertaking the prosecution of said suit and agreeing to prosecute said suit or any other suit for said first party agrees to compensate him for such services by paying to him a sum equal to twenty-five per cent. (25 per cent) of the total amount recovered in any such action as may be determined on as hereinbefore provided if the same shall be recovered by final judgment and in case the same is settled without trial, the compensation of said second party shall be fifteen per cent. (15 per cent) of the amount obtained by settlement from the parties liable."

Plaintiff further averred, in substance, that at the time he so employed defendant, he had a case pending in the United States District Court against Pullman Palace Car Company for personal injuries; that thereupon defendant took charge of the litigation and caused the Frisco Railway Company to be joined as defendant, tried the case, resulting in judgment for defendants; appealed to the Circuit Court of Appeals where the same was reversed; tried the case again in the United States District court, recovering judgment for plaintiff against both defendants for $10,000; that thereupon defendants appealed to said circuit court, resulting in a reversal and final judgment in favor of the Frisco Railway Company against the plaintiff, but, in effect, permitting a new trial against the Pullman Palace Car Company; that thereupon the cause was dismissed in said United States court and a new suit filed in the state district court of Comanche county; that thereafter the plaintiff negotiated a settlement of his claim with said Pullman Palace Car Company for $10,000, and thereafter notified his attorney, the defendant; that payment of said amount was made by the company to defendant, who retained 25 per cent., or $2,500, thereof, paying plaintiff the balance; that at no time did defendant obtain a judgment upon which plaintiff could enforce execution; that the only judgment obtained was reversed in the federal court on appeal; that under the terms of said contract, defendant was entitled to receive only 15 per cent.

or $1,500; that defendant was indebted to plaintiff for such difference of $1,000, together with $453 expenses incurred by plaintiff in coming from his home in St. Louis and employing other counsel in an effort to recoup such $1,000, praying judgment against defendant for $1,435. The trial court sustained general demurrer to said petition and, electing to stand thereon, the court rendered judgment dismissing plaintiff's cause of action, whence this appeal. Does said petition state a cause of action?

Plaintiff contends that since an attorney is bound in like manner as others by his contract, defendant was not entitled to 25 per cent. because the settlement was made without a trial in the state court and, under the terms of the contract, was entitled only to 15 per cent. Said contract provides that defendant should be paid 15 per cent. "in case same is settled without trial." Defendant had tried this case four times—twice in the federal district and twice in the federal circuit court of appeals. He had obtained a judgment for $10,000 for the plaintiff in the last trial in the federal district court. The contract provides that defendant was "to prosecute said suit, or any other suit, for said injuries that may, in the judgment of said second party be proper to recover damages * * * and agreeing to prosecute same to final conclusion." A fair construction of the contract is that defendant engaged to prosecute the cause of action in the suit pending (in the federal court) or any other suit, proper in the judgment of defendant; that defendant was not limited as to the forum; that the provision for 15 per cent. in case of settlement without trial means trial of the cause of action—not necessarily trial of suit then pending in the federal court. We think such was the intention of the parties, not only by the terms of the contract gathered within its four corners, but by the custom, as to contracts between attorney and client that a provision for a smaller fee in case of settlement without trial, means after the suit is pending, but before the attorney has performed the labor of the trial.

"The object in construing a contract is to get at the intention of the parties as expressed in and consistent with the language used; the real intention may control the letter of the contract, or the strict letter may be enlarged so as to give effect to that intention as gathered from the whole contract, when read in the light of the circumstances under which it was executed." Belch et al. v. Schott et al. (Mo.) 157 S. W. 658.

Defendant, perhaps wisely, concluded that the best interest of his client could be served by such change of forum. The new suit in the state court was upon the same cause of action, to redress the same alleged wrong, for which plaintiff had employed defendant and authorized him to use his judgment with respect to the forum. It thus appears that the case was not settled without trial, for trial in the federal court was trial contemplated in the contract.

As a corollary of the first, plaintiff also contends that defendant was not entitled to 25 per cent. because he did not reduce the claim to judgment in the state court, as provided in the contract. While defendant was not discharged by plaintiff, he was, by the settlement made by the plaintiff, prevented, without his fault, from complete performance of the services. Plaintiff had the undoubted right to settle his case without the knowledge or consent of defendant. The petition of plaintiff shows that defendant had rendered much service in the matter, and it is altogether probable that plaintiff was enabled to obtain said settlement because of the former litigation and judgment in the federal courts. The company must have considered the likelihood that defendant might obtain judgment again for plaintiff. Plaintiff considered the settlement of as much value to him as the likelihood of another judgment and thus waived the right to further services of defendant. The conduct of a party to a contract, which prevents or dispenses with performance by the adverse party, is equivalent to a waiver of the right to require performance. 13 C. J. 648; Schæffer v. Blair, 149 U. S. 248, 13 Sup. Ct. 856, 37 L. Ed. 721; C C. J. 745. In Chessire v. Des Moines City Ry. et al. (Iowa) 133 N. W. 324, it is held that by secretly settling with defendant for personal injury, plaintiff waived compliance with attorney's contract to prosecute the action to recovery, entitling him to the stipulated compensation. By the settlement, plaintiff gathered the fruit of full performance by the attorney. The services of defendant were thus substantially performed. He had prosecuted the cause of action to a "final conclusion." The petition shows that defendant was entitled to the 25 per cent. and there was no error in sustaining the demurrer thereto. Likewise, the defendant having accepted the fee, is precluded from recovering any greater sum. An attorney, under a contingent fee contract, is entitled to the stipulated share of the proceeds of a settlement. Pearson v. Evans, 93 Okla. 28, 219 Pac. 328.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. pp. 523 525. 542; (2) 6 C. J. p. 745; 13 C. J. p. 648.