## Ellis *versus* Higgins.

Parol evidence is not receivable to prove that a deed, absolute and unrestricted on its face, was intended merely to convey an estate in trust; nor to reduce such a deed to a conditional one.

The R. S. c. 161, § 2, which imposes a penalty upon the parties to a fraudulent conveyance, has not, *as between the parties*, rendered such a conveyance void.

WRIT OF ENTRY. Trial before TENNEY, J. General issue and claim of betterments.

The demandant read a deed of warranty to him from the tenant, conveying the premises.

The tenant offered to prove, by parol, that he owed the demandant upon a note, and that said conveyance was made to secure the note, which he has since paid. The evidence was rejected.

He then offered to prove, that the deed was made, and was recorded, *fraudulently*, to secure the land from his creditors. The evidence was rejected.

He then offered to prove his claim to betterments. With a view to settle all questions of fact, the evidence was received.

The case was submitted for a legal decision ; and a referee was agreed upon to estimate the betterments, &c., if occasion should require it.

*Bronson*, for the demandant.

*Abbott*, for the tenant, argued that the second ground taken in defence was not inconsistent with the first. The first ground was that of a trust ; the second of a fraud. The second ground is, that the demandant holds only in trust ; that the tenant is his *cestui que trust*, having the equitable title ; and that a trustee cannot recover title against his *cestui que trust*. The evidence offered in proof of the fraud having been rejected, it is to be regarded as if the fraud had been proved. We contend that R. S. chap. 161, sect. 2, has attached new consequences to a fraudulent conveyance.

Before that enactment, such deeds were void only as to creditors and purchasers. But the new provision condemns them

Ellis *v.* Higgins.

as absolutely void, as to all persons. Any act done in viola-
tion of a *penal* statute is void. A multitude of cases have es-
tablished this doctrine.

To the act of knowingly taking a fraudulent deed, fine and
imprisonment are now united.

Such an act, then, is utterly void. It is void, not as to par-
ticular classes of persons, and for their benefit, but as to all
people, and for the benefit of the whole community. It is so
from motives of high and controlling public policy. The
Sabbath law, under a penalty, prohibits certain acts upon a
*particular* day. And acts so done are void. The statute on
which we rely prohibits certain acts upon *any* day. Why,
then, are not such acts void ?

It can make no difference that the tenant was partaker in
the fraud. He does not come into court claiming under it.
It was an act, rendered by the statute void and ineffectual,
and he merely resists its operation. *Potior est conditio defen-
dentis.*

The case of recent decision, *Bullen* v. *Arnold,* 31 Maine,
583, depended upon facts which took place before the statute,
on which we rely.

SHEPLEY, C. J., orally. — The evidence offered would re-
duce an absolute to a conditional deed, to a mere mortgage
title. It is not competent to effect such a change by parol tes-
timony.

It was also contended that the demandant holds in trust, for
the benefit of the tenant. And it is proposed to prove this by
parol. But such proof would be in violation of the best set-
tled rules.

The tenant then proposed to prove his own fraud, whereby
to defeat his own deed. And it is contended that the R. S.
chap. 161, sect. 2, has introduced a new principle, and that the
deed, being in violation of a penal statute, was therefore void.
And the case is likened to agreements made on the Sabbath,
which have been declared void. But the counsel does not
notice the distinction between *executed* and *executory* contracts.

If a contract was executed and the property passed, on a Sunday, the sale would be valid.

Between parties to fraud the law renders no aid to either. The title, though by a fraudulent deed, passed from the tenant to the demandant. The statute does not declare it to be void. If it had been a contract to convey, it could not have been enforced. It was an actual conveyance. It passed the title without any aid from the courts.

As to the claim for betterments, the case shows clearly that the tenant held in submission to the demandant's title. They cannot be allowed.　　　　　　*Defendant defaulted.*