ELIZABETH A. GREENE *versus* NAHUM GODFREY.

Where both parties to a contract have violated the law in making it, neither party can invoke the aid of the law to repudiate it.

Where a contract is fully executed on the Sabbath, and the property passes, the sale is nevertheless valid.

A deed executed on Sunday cannot, for that reason, be avoided by a third party who is a stranger to the transaction, claiming by a subsequent levy.

No evidence can be received to contradict the certificate of acknowledgment for the purpose of making a deed ineffectual.

EXCEPTIONS to the ruling of CUTTING, J., presiding.

The action is ejectment for a certain lot of land, situated in Oldtown.

Both parties claimed title under one Charles H. DeWolfe. The plaintiff, to support her title, introduced a writ, in her favor, against said DeWolfe, dated February 11, 1853, on which was returned an attachment of said DeWolfe's real estate, made on the same day.

Also, the judgment of this court, rendered thereon at the October term, 1854, and execution, duly issued January 11, 1855, and the officer's return of a levy on the demanded premises, within thirty days after judgment, and the certificate of the record of said levy on March 10, 1855, within the time required by law.

In defence the defendant introduced, subject to objection, a deed to himself from said DeWolfe, dated November 1, 1852, acknowledged December 18, 1852, and received December 20, 1852.

3

Also, Robert F. Kinsell, the subscribing witness, who testified to that fact, and that his signature was genuine; that he took the acknowledgment of said DeWolfe at the same time he subscribed as a witness, on Sunday, the nineteenth day of December, 1852, at the request of said DeWolfe; that he examined the deed and found the blank acknowledgment filled up, corresponding with the date of the deed, which original date of acknowledgment he erased and substituted in its place the date as it now appears, that he remarked to the parties that the deed ought not to appear to be acknowledged on the Sabbath day; that thereupon, at their request, he took the acknowledgment on said Sabbath, December 19, and dated it back one day, to the 18th December, 1852. Hereupon the judge instructed the jury, that, if they believed the testimony of the witness, they should return their verdict for the plaintiff, which ruling and admission of testimony was *pro forma* for the purpose of presenting those questions to the full court.

*A. Knowles* and *J. H. Hilliard,* counsel for the plaintiff.

*E. Kent,* counsel for the defendant.

TENNEY, C. J.  Charles H. DeWolfe is the source of title as it is claimed by each party; that of the tenant under the deed to him from DeWolfe is earlier than that under the levy on the execution in favor of the demandant against him. But the deed is denied to be valid, on the ground that it was made in violation of R. S., ch. 160, s. 26, prohibiting the transaction of any business on the Lord's Day, works of necessity and charity excepted, and therefore void.

It was proved that a person met the parties to the deed, on Sunday, December 19, 1853, that it was produced; that at the request of the grantor therein, he signed it as a subscribing witness; and that he made a certificate thereon, as a justice of the peace, that the grantor made acknowledgment thereof before him. The date of the certificate is December 18, 1853.

If the law was violated, by the acts, in reference to the deed, the grantor and the grantee, having full knowledge of those acts, participated therein. The deed was fully executed; it was, upon its face, sufficient to pass the premises in controversy from one to the other, without any further act from either, or from the courts. It was unlike a contract executory in its character. In the latter, the party bound to perform a duty, therein undertaken, may omit the performance, with impunity, till a court shall give its aid in a judgment. The law does not lend itself to afford this aid where both parties to the contract have violated the law in making it. This distinction is fully recognized in the case of *Worcester* v. *Eaton*, 11 Mass. R., 368. The doctrine is fully affirmed in *Ellis* v. *Higgins*, 32 Maine R., 34, which was a writ of entry by the grantee against the grantor of the land described in the deed. It was defended on the ground, that the deed was made and was recorded fraudulently, to secure the premises from the grantor's creditors. And in argument, the case was likened to agreements made upon the Sabbath. SHEPLEY, C. J., in delivering the opinion of the court, says, "The counsel does not notice the distinction between executed and executory contracts. If a contract was executed and the property passed on a Sunday, the sale would be valid."

In the case before us, the demandant was a stranger to the unlawful conduct of the parties to the deed, at the time when it was witnessed, and the grantor acknowledged it, and can she be allowed to impeach it on that account, though as between the parties, it was effectual as a conveyance? The opinion, which was expressed by the judge at the trial, for the purpose of having the question of law there raised, presented to the law court for determination, was upon the ground exclusively, that the attempted conveyance being completed on Sunday, was inoperative. The question whether the deed was fraudulent against creditors of the grantor, under the statute of 13 Elizabeth, ch. 5, was not presented, and no evidence was adduced for the purpose of proving

such a fraud. If that had been the issue, proof of the fraud would have vacated the deed, if not made on a Sunday, and being perfect in all the forms required by law.

As the case was presented, the demandant acquired no rights by her levy, which she would not have obtained under a deed from her debtor, in consideration of the extinguishment of her debt, and none greater than he had at the time.

The question is raised, whether it was competent for the demandant, against the objection of the tenant, to prove that the date of the certificate of acknowledgment upon the deed was false, and that it was actually made upon the Sabbath.

The R. S., ch. 91, provide, that real estate may be conveyed by a deed of the owner thereof, acknowledged before a justice of the peace, &c., and his certificate of the same indorsed on or annexed to the deed, and the deed and certificate recorded in the registry of deeds; and that no conveyance of real estate shall be good and effectual against any person, other than the grantor, his heirs, and devisees, and persons having actual notice thereof, unless it is made by a deed, recorded as provided in this chapter. The sum of these provisions is, that a deed, having this evidence of the acknowledgment of the grantor upon it, or annexed to it, and being duly recorded, will pass the real estate described therein to the grantee from the grantor. If it have not this evidence, save in certain excepted cases, the estate described therein does not pass, and the deed is inoperative. It follows, that no evidence, to show that the certificate of acknowledgment is untrue in any respect, for the purpose of making the deed ineffectual, can be received; it would be in direct conflict with the effect which the statute declares. This principle is embraced in the numerous cases cited by the counsel for the tenant. This case is perfectly analagous to the certificate of a magistrate upon a deposition taken by him, and by the certificate of two justices of the peace and the quorum, that a debtor has taken the oath prescribed in the statute.

It is no less a contradiction of the certificate, to prove the date erroneous, than to show any other falsehood therein. The testimony of the magistrate, who made the certificate, is not distinguishable in principle from the testimony of another witness, who had knowledge of the same facts. Both are incompetent.

According to the agreement of the parties, the action must stand for trial.