Ellis *vs.* Hammond *et al.*

JOSEPH ELLIS, plaintiff in error, *vs.* PAUL F. HAMMOND, executor, *et al.*, defendants in error.

1. Where a deed to land is made on Sunday, and the money paid, the possession of the land having been previously given to the vendee, the law will leave the parties where it finds them. Both being in *pari delicto*, although the contract consummated on Sunday be illegal, the courts will not interfere.

2. Payment in Confederate money, made in April, 1865, both parties being ignorant of the surrender of the Confederates, was good.

Deeds. Contracts. Sunday. Confederate money. Payment. Before Judge WRIGHT. Calhoun Superior Court. March Term, 1876.

Reported in the opinion.

VASON & DAVIS; R. F. LYON, for plaintiff in error.

WARREN & HOBBS, for defendants.

JACKSON, Judge.

Ellis brought suit against Hammond for a tract of land lying in Calhoun county. The case was submitted to the judge for trial without a jury, with right of exception to take the case to this court. The facts were that an agent of Hammond bargained with Ellis for the place, and moved Hammond's hands thereon. A few days afterwards the price agreed upon, being some $92,000 00 in Confederate money, was paid and a deed to the land made. This consummation of the trade, to-wit: the payment of the money and the deed to the land, took place on the 10th of April, 1865, on Sunday. The presiding judge held that he would not interfere with the possession of the land, and judgment was entered up for the defendant. The error assigned is that judgment, and by it two questions are made: 1st. Can the plaintiff recover because the deed was made and the money paid on Sunday? 2d. Can he recover because the money was Confederate treasury notes?

Drake *vs.* Bush.

1. In respect to the first question, it was ruled in 3 *Georgia Reports,* 182, that where an illegal contract was executed, neither a court of law nor of equity would interfere to aid either party. The parties being in *pari delicto* the law will leave them where it found them. The defendant is found in the possession of this land, and though the deed was made and the money paid on Sunday, and the consummation of the trade was thus illegal, the contract having been executed, the courts will help neither side. In 16 *Georgia Reports,* 461, the same principle was decided. In 44 *Georgia Reports,* 541, it was held that the promissor to pay wages, the promise being made on Sunday, could not set it up as a defense; and in 44 *Georgia Reports,* 642, it was ruled that where an illegal contract was made on Sunday and executed, the courts would not interfere. In the case at bar it seems the verbal trade was really made on another day, and consummated on Sunday. This, therefore, is a stronger case for the defendant than those referred to.

2. Can the plaintiff recover on the ground that no consideration was paid? We think not. This case, on this point, is fully controlled by the case in 34 *Georgia Reports,* 227. Indeed, that case was stronger than this to show want of consideration. In this case no knowledge of any important surrender of the Confederates was known to either party—it was the 10th of April, 1865—both acted fairly—neither committed any fraud—and the judgment must therefore stand.

Judgment affirmed.