MARY ARNETT v. CHARLES L. WRIGHT, ELLA M. WRIGHT
AND A. G. HILTON.

(Filed February 15, 18907.)

1. **PROMISSORY NOTE—Consideration Illegal in Part.** Where an action is brought on a promissory note and to foreclose a mortgage given to secure same, the consideration for which note is illegal in part, no recovery can be had.

2. **SAME—Consideration Illegal, When.** The sale and transfer of a city license to sell intoxicating liquor is prohibited by the law of this territory, and where such sale of a license enters into and makes a part of the consideration for a promissory note, such note is wholly void.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*C. R. Buckner* and *Geo. W. Buckner,* for plaintiff in error

*Lawrence & Huston,* and *John Adams,* for defendant in error.

### STATEMENT OF FACTS.

On May 26th, 1903, the defendants in error, Charles L. Wright and Ella Wright, his wife, executed and delivered to plaintiff in error, Mary Arnett, their promissory note for the sum of $718.00 and to secure the payment of the same also executed and delivered along with said note their mortgage upon certain premises situated in the city of Guthrie, O. T.

22—Vol 18

The record discloses that the note and mortgage were given as the purchase price of a saloon stock then owned by Herman Arnett, the husband of the plaintiff. An invoice of the saloon was made and included the unexpired term of a city license, valued in the invoice at $44.73, which entered into and made a part of the consideration for the said note and mortgage.

This action was commenced on the 16th of September, 1904, to obtain judgment upon said note and to foreclose the said mortgage. Defendants answered in due time, alleging that a part of the consideration of said note and mortgage, was the transfer by said Herman Arnett to the defendants, of certain whiskey bonds of the value of $109.65, which transfer was never made as agreed to be, and that another part of the consideration was the transfer, by said Herman Arnett to defendant, Charles L. Wright, of the unexpired term of a certain saloon license issued by the city of Guthrie, to said Herman Arnett, which said license was invoiced at the price of $44.73, and at such valuation entered into and made a part of the consideration of said note and mortgage, and that such transfer of said city license was illegal and void, because contrary to the provision of the ordinances of said city, and contrary to the statutes of the Territory of Oklahoma. No reply was made to this answer, but on the 3rd day of October, 1904, plaintiff filed a motion in said cause for the appointment of a receiver to take charge of the mortgaged premises. This motion was resisted by defendant, Wright and a hearing had and testimony taken before the court on February 27, 1905, upon which hearing the court refused to appoint a receiver because a part of the con-

sideration for said note and mortgage was illegal.   Whereupon it was stipulated and agreed between the parties as follows:

"The parties thereupon agreed in open court to waive a jury and submit said cause to the court upon the merits, and that the evidence submitted upon the application for the appointment of a receiver in the above entitled cause should be considered by the court the evidence upon the trial on the merits of said cause."

Thereupon the court took the said cause under advisement and on the following day, to-wit: February 28, 1905, rendered and entered judgment in said cause in the words following:

"And the court having considered said evidence and having heard the arguments of counsel for the plaintiff and for the defendants, and being fully advised in the premises, finds, that the note and mortgage sued upon by the plaintiff and set forth in plaintiff's petition are null and void and not enforceable, because a part of the consideration of the same was illegal, and judgment is therefore, rendered for the defendants.   To all of which plaintiff excepts."

From this judgment the cause comes to this court by case made.

Opinion of the court by

GILLETTE, J.:   From the foregoing statement it is manifest that but a single question is presented to this court for its determination.

There can be no question but that an item of $44.73 representing the invoiced value of the unexpired term of a city license to sell intoxicating liquor, issued by the city of the consideration of the note sued on in this action, and the

question now to be answered is, does this item vitiate and render void the note and mortgage as held by the trial court?

We are of the opinion that it does. Sec. 387, Wilson's Ann. Stat., provides *inter alia*:

"That no license shall in any case be assigned or transferred."

No penalty is provided in this section or chapter for a violation of this provision, but by sec. 2142 it is provided:

"Where the performance of an act is prohibited by any statute, and no penalty for the violation of such statute is imposed in any statute, the doing of such act is a misdemeanor."

Under the title of "unlawful contracts" by section 813 it is provided:

"That is not lawful which is: First, contrary to an expressed provision of law: Second, contrary to the policy of express law, though not expressly prohibited; or third, otherwise contrary to good morals."

The sale and transfer of the license from Herman Arnett to Charles L. Wright, being in direct violation and disregard of the inhibition of sec. 387, and therefore unlawful, it results that no recovery could be had for this item either by itself or in connection with other claims. This much is admitted by the plaintiff in error, but it is insisted that this item, however. illegal does not so taint the balance of the contract as to prevent a recovery thereon. A very large list of authorities are cited in support of this contention. We have examined with care all of those accessible to us and have been unable to find any case that fully supports the contention of plaintiff in error.

In our own statute, sec. 768 and 769, it is provided that:

"Sec. 768.    The consideration of a contract must be lawful within the meaning of section 838."

"Sec. 769:    If any part of a single consideration for one or more objects, or several considerations for a single object, is unlawful, the entire contract is void."

The husband of plaintiff in error, the man who owned and made sale of the saloon to defendant, Charles L. Wright, himself testified that he sold to Wright the saloon as a whole, that the amount he was to be paid therefor was to be determined by the cost of the goods and the cost of the unearned portion of the license.   Here then was a single consideration for a single object and a part of that consideration is conceded to be unlawful.

It matters little how the amount of the consideration was arrived at or of what it consisted.   If a part of it was unlawful, the whole contract rests under the band of the statute.    Aside, however, from the provisions of any particular statute, such a contract and promise as forms the basis of this action, could not be enforced in any court, either at law or in equity.    The law in such cases is correctly summarized in Cyc., vol. 9, p. 566, where the author says:

"If any part of a single consideration for one or more promises be illegal, or if there are several considerations for one promise, some of which are legal and other illegal, the promise is wholly void, as it is impossible to say which part of which one of the considerations induced the promise. Thus if the consideration for a note or other promise to pay a certain sum of money be the sale of goods, some of which it is legal and some of which it is illegal to sell, the note or promise cannot be enforced, as for example a note given for in-

toxicating liquors or things sold on Sunday and also foi other articles, the sale of the former being illegal."

This author cites in support large list of authorities, among them the case of *Ladd v. Dillingham,* 34 N. E. 316, where the court says:

"Where a contract for the sale of all the stock of goods in an apothecary's shop includes a quantity of spirituous liquors, in violation of the act of 1846, restricting their sale, the whole contract is thereby invalidated, though upon invoicing the property the liquors were placed in a schedule separate from the other goods."

He also cites *Widoe v. Webb.* 20 Ohio St. 431, 5 Am. Rep. 664; in which it is held:

"A note given in settlement of an account, some of the items of which were for intoxicating liquors sold in violation of the statute, is void *in toto.*"

In *Chicago, I. & L. Ry. Co. v. Southern Ind. Ry. Co..* (Ind.) 70 N. E. 834, decided in 1904, the court seems to have settled the law in that state as follows:

"Where the consideration of a contract is in part illegal the courts, as a general rule, will not determine how much of the consideration is based on the illegal consideration, and enforce the contract as to the balance; but the whole of the contract will be deemed illegal, and enforcement thereof wholly refused."

In the course of the opinion in that case the court quotes approvingly from Clark on Contracts, as follows:

"Where the agreement consists of one promise, made upon several considerations, some of which are good and some bad, here, also, the promise is wholly void; for it is impossible to say whether the legal or illegal portion of the

consideration must affect the mind of the promissor, and induce him to promise."

We think these decisions are amply supported by nearly all the text writers who have treated upon the subject.

See Addison on Contract, Chitty on Contracts, Parsons on Contracts, Story on Promissory Notes, Daniel on Negotiable Instruments, etc.

This court has already passed upon the question involved, in the case of *Garst v. Love & Ward,* 6 Ok. 46. It must not be overlooked that we are passing upon this case as it is presented by the record. The action is upon the note and to foreclose the mortgage given to secure the same, and the plaintiff seeks to cast upon the court the task of sifting the good from the bad, the legal from the illegal part of the consideration.

If this action upon the note and determination against its validity, should result in her losing what may possibly be honestly her due, we can only repeat what was said in a similar case: "It is but a reasonable punishment for including with his just due that which he had no right to take."

The judgment of the court below must be affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.