## STARR v. LOWERY.

No. 12165—Opinion Filed Oct. 23, 1923.

Rehearing Denied Nov. 20, 1923.

Second Rehearing Denied April 22, 1924.

(Syllabus.)

### Indians — Conveyance of Allotments — Partial Invalidity.

Section 5022, Comp. Stat 1921, providing that if any part of a single consideration for one or more objects, or of several considerations for a single object, is unlawful, the entire contract is void, applies only to contracts which are executory at least in part, and does not permit an Indian, who has conveyed a portion of his restricted homestead and a portion of unrestricted surplus in the same deed for a specific money consideration and who has received and retained the consideration for the conveyances, to recover the surplus allotment on the ground that the entire contract was rendered void because it was unlawful to convey the homestead lands.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by Henry Starr against Thomas J. Lowery. From the judgment, plaintiff brings error. Affirmed.

George Miller, Jr., and E. L. Graves, for plaintiff in error.

Wm. J. Morrow, for defendant in error.

COCHRAN, J. This action was commenced by the plaintiff in error for the recovery of certain lands located in Muskogee county, Okla., and involving a portion of the homestead and surplus allotments of plaintiff in error. The defendant in error filed an answer alleging ownership of the lands by reason of a warranty deed executed to him by the plaintiff in error, dated December 5, 1908. At the time of the execution of this deed, the homestead allotment of Henry Starr was restricted and inalienable, but the surplus portion of his allotment was not restricted and was subject to alienation. The trial court entered judgment canceling the deed as to the homestead allotment, but rendered judgment quieting title in the defendant in error to 30 acres of land, being a portion of the surplus allotment. From this judgment, the plaintiff in error has appealed. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court.

It is contended by plaintiff that the deed to the defendant conveying a portion of his homestead and surplus allotments was one transaction and for a single consideration, and that the deed to the homestead allotment having been executed in violation of restrictions imposed by the act of Congress rendered the entire transaction void, and he relies upon sections 5017 and 5022, Comp. Stat. 1921, which are as follows:

"Where a contract has but a single object, and such object is unlawfully impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void."

"If any part of a single consideration for one or more objects, or of several considerations for a single object, is unlawful, the entire contract is void."

—and the interpretation of these statutes as found in Mann v. Brady, 80 Okla. 299, 196 Pac. 346; Fairbanks-Morse Co. v. City of Geary, 59 Okla. 22, 157 Pac. 720, and Arnett v. Wright, 18 Okla. 237, 89 Pac. 1116. The foregoing statutes and decisions of this court have no application to the question presented here. Those statutes and each of the decisions cited apply to executory contracts, whereas in the instant case we have for consideration an absolute conveyance resulting from a contract fully executed. Even though the contract to convey the surplus allotment is conceded to have been void by reason of its connection with the restricted homestead allotment, the parties have fully performed the contract, and, as to the conveyance of the surplus allotments, the parties were in pari delicto, and in these circumstances neither the courts of law nor of equity will interfere to grant any relief to the parties, but will leave them where they find them. The contract to convey, which plaintiff contends was illegal, was followed by actual conveyance of the surplus allotment, and so far as the deed is concerned the homestead can be disregarded, ignored, and separated from the surplus and there remains a conveyance of the surplus supported by valid consideration. The deed was not a contract within the meaning of section 5022, Comp. Stat. 1921, but was a conveyance of the property by execution of the contract, and as such passed the title without aid from the courts, and, since the plaintiff cannot enlist the aid of either courts of law or equity to grant relief to him from the results of his unlawful contract and the courts will leave the parties where they find them, the title to this land is in the defendant. Page on Contracts, vol. 2, sec. 1035, states the rule as follows:

"If A. makes a promise to B. consisting of two or more covenants, on valuable and legal consideration, and one of the covenants made by A. is void by reason of its

subject-matter, but not illegal, then the legal covenant can be enforced whether the contract is severable or inseverable. This result is sometimes justified by calling the void covenant severable, although the consideration is not apportioned and the contract is one which would be treated as an entire contract for almost all purposes. The void covenant is not operative for good or for ill. It cannot amount to a consideration sufficient to support an executory promise, at least while the void covenant is itself executory, but, on the other hand, its invalidity does not taint the remaning covenants of an entire contract if, after the void covenants have been ignored as being wholly inoperative, there remains a valid promise on the one hand, supported by a sufficient consideration on the other."

In Ellis v. Higgins, 32 Me. 34, the court said:

"But the counsel does not notice the distinction between executed and executory contracts. If a contract was executed and the property passed on a Sunday the sale would be valid. Between parties to fraud the law renders no aid to either. The title, though by a fraudulent deed, passed from the tenant to the demandant. The statute does not declare it to be void. If it had been a contract to convey, it could not have been enforced. It was an actual conveyance. It passed the title without any aid from the courts."

See, also, Greene v. Godfrey, 44 Me. 25; Ellis v. Hammond, 57 Ga. 179. Our position is well stated in Ripperdan v. Weldy (Cal.) 87 Pac. 276, in the following language:

"Appellants contend that under section 1608, of the Civil Code, the entire contract is void if any part of the consideration is unlawful. Whatever may be the effect of this section as to contracts which are executory in whole or in part, we are satisfied that it cannot be construed so as to permit the grantor of property, who has received and retained the consideration for his conveyance, to recover the property conveyed upon the sole ground that the consideration was unlawful in part."

It is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.