**VANN et ux. v. UNION CENTRAL LIFE INS. CO. et al.**

No. 9836—Opinion Filed Sept. 30, 1924.

Rehearing Denied Nov. 12, 1924.

**1. Mortgages—Loans — Validity of Second Mortgage to Agent.**

Where A. employes B. to secure a loan from C., and at the same time A. secures a loan from B., his agent, which is secured by second mortgage on the property mortgaged to secure the loan from C., held, that the loan secured from the agent, B., in the absence of fraud or misconduct on the part of B., the agent, is not contrary to public policy, or in violation of any statutory provisions of this state.

**2. Same—Foreclosure — Questions to Litigate.**

The question of whether or not the acts and conduct of an agent in making a loan to his principal in connection with a loan which he has been employed to secure, and failure to receive the proceeds of the loan, are questions which should be raised on the trial of the case, when judgment is taken and the mortgage securing same foreclosed, and cannot be interposed by way of an objection to the confirmation of the sale.

(Syllabus by Jones, C.)

Commissioners' Opinion. Division No. 3.

Error from District Court, Nowata County; W. J. Campbell, Judge.

Action by Union Central Life Insurance Company against William Vann and others. From the judgment, William Vann and Lovey Vann appeal. Affirmed.

W. H. Vann, for plaintiffs in error.

C. J. Sloop, George B. Schwabe, and E. J. Raymond, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Nowata county by the appellees, plaintiffs in the trial court, against the appellants, defendants in the trial court, to recover judgment on a certain promissory note for the sum of $1,800, and 11 interest coupon notes representing interest on the principal note, and to foreclose mortgage securing same on 130 acres of land belonging to the defendants William Vann and Lovey Vann, and said note and mortgage were drawn in favor of the plaintiffs, Union Central Life Insurance Company. And the defendants Vann interposed a defense that the execution and delivery of the instruments sued on were conditional, and that the contract in its entirety is contrary to public policy, unauthorized, by law, and void. Humphrey and Humphrey, who appear in the trial court as defendants, filed their answer and cross-petition in

which they admittted all of the allegations contained in the petition of plaintiff, and further answering aver that they were acting as the agents of William Vann and Lovey Vann in securing the loan from said insurance company, and that the Vanns in applying for the loan, applied for $2,000, which the insurance company refused to make on the ground of insufficiency of the security offered, but agreed to loan $1,800 on the application, but this amount, being insufficient to pay off the indebtedness then against the 130 acres of land, the Vanns were unwilling to accept same, whereupon negotiations were entered into between the Vanns and Humphreys, whereby the Humphreys agreed to loan the sum of $200 additional, and it was also agreed that the Vanns would pay the said Humphreys $320 as commission for securing the loan. This agreement seems to have been finally carried out, and the note sued upon was duly executed by William Vann and Lovey Vann, and two $100 notes were executed to the Humphrey's for the $200 loan, and also a note was executed for $270 representing a part of the commission agreed to be paid, $50 of which was to be paid in cash, all of which were secured by a second mortgage on said lands. Humphrey and Humphrey further aver that they consummated the loan and secured a loan of $1,800 from plaintiff herein, and advanced the additional $200, aggregating a loan of $2,000 for William Vann and Lovey Vann, which they disbursed according to a written agreement duly signed by William Vann and Lovey Vann, authorizing and directing the manner of disbursement. Same being applied in payment of certain liens and incumbrances against the land, upon which the mortgage was given, securing the loan sued upon, and that after all disbursements were made there was a balance in cash of $20.41, which amount was applied by Humphrey and Humphrey on the $50, which the Vanns had agreed to pay in cash on the commission heretofore referred to.

It seems that no reply was filed by the plaintiff, the Union Central Life Insurance Company, or by the defendants, William Vann and Lovey Vann, to the answer and cross-petition of Humphrey and Humphrey, and as we understand the record, the judgment was rendered by default for the amount sued for, and for foreclosure of both the first and second mortgages. Thereafter the appellants herein filed a motion to vacate the judgment upon the theory that same was void, and this motion seems to have been interposed at the time that application for confirmation of sale was presented, and after due consideration the

court overruled a motion to vacate the judgment, and approved the sale of the land under the foreclosure proceeding. The only evidence adduced at the hearing of the motion to vacate the judgment was the petition and separate answers and cross-petition. From the order and judgment of the court overruling the motion to vacate the judgment and overruling objections to the confirmation of sale, and directing the sheriff to execute deed to purchasers, the appellants prosecute this appeal, and set forth various assignments of error, but the only specifications of error urged in the brief are, first, that the court erred in overruling the motion of plaintiffs in error to vacate and set aside judgment, and, second, the court erred in not vacating and setting aside judgment and holding same for naught. And in support of this contention the appellant argues that Humphrey and Humphrey were the joint lenders and managing agents of and with the Union Central Life Insurance Company, and likewise acted as the agent in negotiating the loan received and in disbursing the funds of and for the appellants, and assert that one person cannot be employed as agent for the borrowers to obtain a loan from himself, or from the party of whom he is managing agent, and in support of this contention cite the case of Bell v. Riggs, 34 Okla. 834, 127 Pac. 427, Porter v. Wold, 34 Okla. 253, 127 Pac. 432, and the case of Union Central Life Insurance Company v. Pappan et al., 36 Okla. 344, 128 Pac. 716, and while we have no controversy to make with the rules of law announced by the above authorities, we do not regard them as applicable to the facts in the case at bar.

They also cite section 929, Rev. Laws, 1910, as follows:

"If any part of a single consideration for one or more objects, or of several considerations for a single object, is unlawful the entire contract is void"

—and citing the case of Garst v. Love, 6 Okla. 46, 55 Pac. 19, and Arnett v. Wright, 18 Okla. 337, 89 Pac. 1116, and other authorities wherein the effect of illegal and unauthorized contracts is discussed, but these authorities, like the others, are not applicable, and from an examination of same we find that the contracts there involved were contracts entirely different from the one here under consideration.

As we understand this contract, it is merely the loan of money made at the request and upon the application of defendants. They understood and had knowledge of all the facts surrounding the transaction,

and had duly authorized Humphrey and Humphrey in writing to represent them in negotiating the loan, and when it developed that they were unable to secure the amount required and desired, they then entered upon negotiations with Humphrey and Humphrey, whereby a loan of $200 was secured from them, and there is no denial, so far as the record here is concerned, of their agreement to pay to Humphrey and Humphrey the amount claimed as commission, $320, for securing said loan, and so far as the record discloses, the commission was charged for securing the $1,800 loan from the insurance company, and no commission was charged on the loan of $200 secured from Humphrey and Humphrey. Appellants contend that they received no part of the proceeds of the loan, but the record disclosed that the appellants gave written authority and direction to the plaintiff, the Union Central Life Insurance Company, to disburse the proceeds of the loan, and that same was disbursed accordingly.

The loan from the insurance company was for a period of ten years, and from our experience and observation in transactions of this character, there is nothing unreasonable so far as the commission charged is concerned, and was a matter about which the parties had a right to contract, and we are unable to see or discover any condition or act connected with the transaction that is contrary to public policy, or that is unauthorized by law. Defendants in error insist in their brief that the appeal herein should be dismissed for the reason that the same was not filed within time, as required by the law of this state governing appeals, and in this brief make frequent reference to the opinion of the court heretofore rendered in this case, and from an examination of the record, we find that this case was formerly before the Supreme Court, and an opinion rendered, which is found in 79 Okla. 17, 191 Pac. 175, wherein this court passed upon the motion of the defendants to dismiss, and while sustaining the defendants' contention as the record then existed, the decision also authorized the plaintiff in error to withdraw the case-made for the purpose of amending same in order that it might conform to the rules and law governing same, and this seems to have been done, and we therefore deem it unnecessary to give the appellants' contention further consideration on this point, and finding no merit in the contention of the appellants, we therefore recommend that the case be affirmed.

By the Court: It is so ordered.