MONROE P. BELCH and EDWIN SILVER, Appellants, v. EMIL SCHOTT, WILLIAM SCHOTT and CLARA KOCH, Defendants, JOHN F. HEINRICHS, Respondent.

Kansas City Court of Appeals, June 2, 1913.

1. **ATTORNEY'S LIEN: Client's Right to Compromise: Settlement Liquidates Amount of Attorney's Fees.** A client can compromise his case and settle it with or without the consent of his lawyers. And the amount of the fee will be liquidated by such settlement.

2. **CONTRACTS: Ambiguous Terms: Construction of.** When a contract is fairly open to two interpretations, one favorable to the party who wrote it, and the other to the opposite contracting party, then that construction will be adopted which is most favorable to the latter. Ambiguous terms in a contract are always to be construed against the party using such terms.

Appeal from Cole Circuit Court.—*Hon. John M. Williams*, Judge.

AFFIRMED.

*A. T. Dumm* for appellants.

*T. S. Mosby* for respondent.

TRIMBLE, J.—This is an action to enforce an attorney's lien alleged to be due ·plaintiffs under a written contract entered into by them with one John F. Heinrichs in which the latter employed the former to bring a suit to establish a certain writing as the last will and testament of the deceased wife of said John F. Heinrichs.

Said wife, Henrietta Heinrichs, was married prior to her mariage with John F. Heinrichs, and by her first husband had three children, the defendants Emil Schott, William Schott, and Clara Koch. After the death of her first husband, she married John F. Heinrichs, but had no children by him. She died leaving an estate in personalty amounting to $30,000 net. Under the law, her husband John F. Heinrichs was entitled to receive a child's share in such personalty. [Sec. 349, R. S. Mo. 1909.] This would make his share under the law one fourth of the estate or $7500. However, there was a certain writing dated April 7, 1909, purporting to be the last will and testament of Henrietta Heinrichs, deceased, in which, if genuine, she bequeathed $500 to her son Emil Schott, $500 to her son William Schott, $500 to her daughter Clara Koch, $200 to her church, and all the remainder of said estate to her husband John F. Heinrichs. This writing had been presented to the probate court and the same had been rejected as not being the will of said Henrietta Heinrichs, deceased.

Thereupon, John F. Heinrichs employed plaintiffs as attorneys to bring suit to establish said will in solemn form, and entered into the following contract with them:

"This memorandum agreement made this November 11, 1909, witnesseth: That John F. Heinrichs (having retained M. P. Belch and Edwin Silver as his attorneys in a cause pending in the circuit court of

Cole county to establish a certain paper writing executed April 7, 1909, as the last will and testament of Henrietta Heinrichs, deceased), does agree and contract to pay said M. P. Belch and Edwin Silver (to be divided equally between them) fifteen per cent of the value of the estate realized by said John F. Heinrichs as the result of the suit or litigation (or by compromise) to establish said will, provided said will is established.

"Said M. P. Belch and Edwin Silver agree on their part to prosecute said cause through all the courts as the same may be necessary for the final termination of said litigation in favor of said John F. Heinrichs.

"If said will is not established then said John F. Heinrichs will pay said M. P. Belch and Edwin Silver 7½ per cent of what he receives from said estate.

"John F. Heinrichs,
"M. P. Belch and
"Edwin Silver."

Plaintiffs as attorneys for John F. Heinrichs brought suit in the circuit court to establish said alleged will, which suit was duly tried and resulted in the jury returning a verdict establishing the writing as the will of said deceased. The defendants in that suit filed a motion for new trial which was sustained by the court. Thereupon, the plaintiff therein, John F. Heinrichs, through his attorneys, who are plaintiffs here, appealed the case to the Supreme Court of Missouri. While the same was pending in that court, Heinrichs, without the knowledge of his attorneys, compromised the case, dismissing in person his appeal in the Supreme Court and then dismissing the suit in the circuit court. He was to receive in compromise the sum of $14,700 in cash, and obtained the release and satisfaction of a certain judgment against him for $2940.80 held by a bank in Jefferson City. (Of the $14,700, above mentioned, the three defendants still

owe and have in their possession the sum of $10,000 which they have not paid to said Heinrichs.)

The plaintiffs had taken the necessary steps to preserve their attorney's lien under the statute, and when they learned of the compromise, they dmanded fifteen per cent of the full amount received, or to be received, by said Heinrichs on said compromise to-wit, $17,640.80. Being refused, they brought this suit to establish their lien on the $10,000 yet in the hands of the three heirs for the sum of $2621.20, being fifteen per cent of $17,640.80, the full amount due Heinrichs as aforesaid.

The execution of the contract, the prosecution of the suit to establish the will and the compromise thereof and all the other facts necessary to establish plaintiff's right to a judgment in some amount are admitted.

The contest is over the construction of the contract. Plaintiffs claim that under it they are entitled to fifteen per cent of the $17,640.80, being the entire amount going to Heinrichs, while the latter claims that under the law he was entitled to one fourth of the estate at all events without regard to the litigation attended to by plaintiffs as his attorneys; that by the compromise he obained one-half of said instead of one-fourth, and, therefore, the amount realized by him as a result of the litigation is the one-fourth he obtained over and above the one-fourth he would have received had there been no litigation. Consequently he insists that he owes plaintiffs only fifteen per cent of this additional one-fourth obtained by the suit and compromise. Heinrichs also alleged in his answer that he was advised and informed by plaintiffs, especially by Belch, at the time of signing the contract that such was its meaning; that Belch had been his adviser prior to the signing of said contract and that in signing it he relied on the representations of Belch as to the meaning and construction to be placed on said contract. His

testimony, however, does not bear this out. Even if true, it shows nothing more than that he took this construction of the contract for granted when he signed it. But the overwhelming weight of the testimony is that nothing was said about the construction to be put upon the contract, and Heinrichs' conduct thereafter was not in accord with such alleged representations on the part of his attorneys as he claimed.

The trial court construed the contract as meaning that the fifteen per cent applied, not to the entire amount received by Heinrichs under the compromise, but to the amount received by him over and above what he was entitled to under the law, that is, that before the fifteen per cent is computed, the amount Heinrichs would have received anyway must be deducted from the whole amount. The judgment, therefore, gave plaintiffs fifteen per cent of $2940.80 amounting to $441.12, and fifteen per cent of $7350 (said amount being the $14,700 less $7350, the one-fourth due him by law) amounting to $1102.50, and amounting in the aggregate to $1543.62 and established it as a lien on the $10,000 due Heinrichs from, and in the hands of, the other defendants. Plaintiffs appealed, claiming that under the contract they are entitled to fifteen per cent on the full $14,700 instead of $7550.

There is no controversy over the right of Heinrichs to compromise his case and settle it with or without the consent of his lawyer. Plaintiffs concede this. At least, they make no complaint on this score. And the amount of fee will be liquidated by such settlement. [Hurr v. Metropolitan St. Ry. Co., 141 Mo. App. 217, l. c. 222.]

The plaintiffs in this case, at the time the contract was prepared, were lawyers of skill and ability. The defendant Heinrichs was a layman. The contract was a drawn up by the plaintiffs and presented to and signed by the defendant. If it is ambiguous or fairly open to two interpretations, one favorable to those

who wrote it and the other to the opposite contracting party, then that construction will be adopted which is most favorable to the latter. [Lechner v. Strauss, 98 N. E. 444, 1. c. 448; 9 Cyc. 590; Ford v. Clement, 135 S. W. 343.] Ambiguous terms of a contract are always to be construed against the party using them. [Minge v. Green, 58 So. 381.] The reason of this rule is that men are supposed to take care of themselves, and he who selects the words by which a right is given ought to be held to a strict interpretation of them rather than he who merely accepts them. [Gillet v. Bank, 55 N. E. 292, 1. c. 294; Staten Island v. Spearin, 134 N. Y. Sup. 98.]

It is true the object to be attained in construing a contract is to get at the intention of the parties. And the real intention may control the letter of the contract, or the strict letter may be abridged or enlarged so as to give effect to that intention as gathered from the whole contract when read in the light of the circumstances under which it was executed. [Union Depot Co. v. Railway, 113 Mo. 213, 1. c. 225.] When it is said that the object in construing a contract is to get at the intention of the parties, it is meant, of course, that intention as expressed in the language the parties thereto use to express it and consistent with such language. [Ellis v. Harrison, 104 Mo. 270, 1. c. 279.]

The difficulty in construing this contract, by getting at the intention of the parties in the light of the circumstances, lies in the fact that their intention will apply equally as well to one construction as to the other. Of course it might be said that naturally plaintiffs would intend the larger compensation should be due them, and hence their intention was that fifteen per cent should be paid on the entire amount going to Heinrichs. At the same time it cannot be said they would not have accepted the lesser compensation based on the other construction. In fact, they were dealing

with a careful, economical German who had refused
to sign a contract for a larger fee. And according to
Heinrichs' testimony, when he signed the contract in
their presence he remarked, "It will be all right. I
will only have to pay seven and a half per cent of what
I get." So that it cannot be said with certainty the
circumstances and situation of the parties show the
intention of the contract was as plaintiffs claim it was.
In fact, if Heinrichs make the remark above quoted
when he signed the contract, the circumstances show
that, so far as he was concerned, his intention was to
construe the contract as providing the lesser compen-
sation. This construction is in strict accord with the
literal meaning of the word used. The contract pro-
vides that defendant was to pay plaintiffs fifteen per
cent of the value of the estate "realized by said John
F. Heinrichs as the result of the suit or litigation (or
by compromise) to establish said will, provided said
will is established." Of course, strictly speaking, the
amount *realized* by Heinrichs as the *result* of the liti-
gation or compromise was not the total amount com-
ing to him, but the excess he received over and above
what was due him under the law without regard to
the suit. So that, according to the strict terms of the
contract, plaintiffs were to get fifteen per cent of this
excess and not of the whole. When we look at the
object of the contract and the situation of the parties
in order to determine their intention, it is seen that
these comport as well with such strict construction as
with any other. And acting upon the rule that where
a contract is open to two possible interpretations, one
favorable to the party drawing the contract and the
other favorable to the opposite party thereto, that con-
struction is adopted which is least favorable to or more
strongly against the party drawing the contract, we
must hold against plaintiffs' contention. The judg-
ment is, therefore, affirmed. All concur.