SAM BURMAN (PLAINTIFF), DEFENDANT IN ERROR, v. STEPHEN VEZEAU, AND CAROLINE VEZEAU (DEFENDANTS), PLAINTIFFS IN ERROR.—85 S. W. (2d) 217.

St. Louis Court of Appeals.   Opinion filed July 16, 1935.

*Dunbar & Dubail* and *Bryan Wilson* for plaintiffs in error.

*Kratky, Soffer, Nessenfeld & Cox* for defendant in error Sam Burman.

McCULLEN, J.—This suit was instituted in a justice of the peace court in the City of St. Louis, Missouri, on August 11, 1932,

by defendant in error, who was plaintiff below, and will hereinafter be referred to as plaintiff. A trial before the justice resulted in a judgment for plaintiff, whereupon plaintiffs in error, who were defendants below and will hereinafter be called defendants, appealed to the Circuit Court of the City of St. Louis where, a jury being waived, a trial before the court resulted in a judgment in favor of plaintiff and against the defendants in the sum of $538.60. The next day that judgment was set aside by the court of its own motion and a new judgment was entered in favor of plaintiff and against defendants and their surety in the sum of $578.60. Defendants and their surety have brought the case to this court by writ of error.

Plaintiff's petition is in two counts, the suit being based on two notes, each in the sum of $250 and interest coupons attached thereto in the sum of $7.50 each. The notes were executed by defendants and were owned and held by plaintiff. They were part of an issue of $50,000 and were secured by a deed of trust on certain described real estate in the City of St. Louis.

The evidence shows that the interest coupons were due on their face on June 10, 1932, while the principal notes on their face were due and payable on June 10, 1933. The deed of trust securing the notes is referred to on the face of the notes. The deed of trust was introduced in evidence by plaintiff at the trial, but the only portions thereof which appear in the abstract of the record before us are as follows:

"This deed made and entered into this 10th day of June, 1930, by and between Stephen Vezeau and Caroline Vezeau, his wife, of the City of St. Louis and State of Missouri, parties of the first part, and Christian Stocke of the City of St. Louis and State of Missouri, party of the second part, and the person or persons, firms or corporations who may from time to time become or be the legal holder or holders of the notes hereinafter mentioned (which persons are hereinafter individually and collectively designated as Note Holders), parties of the third part:

. . . . . . . .

"It having been agreed between the parties hereto that when one of the said notes, whether of interest or principal, after having become due and payable, should remain unpaid, then all of said notes shall, at the option of the holders thereof, become due and payable at once, whether due on their face or not."

It appears from the evidence that defendants defaulted in the payment of the interest coupons due June 10, 1932; that plaintiff made demand for payment on that date and renewed the demand several times later, but no payment was made. The record shows that at the trial in the circuit court defendants tendered into court for the use and benefit of plaintiff the sum of $35.30.

Defendants in their brief in this court state that the tender into court represented the amount of the interest coupons and costs accrued up to the time of the tender. The abstract of the record does not show, however, what the tender was for or the items included therein. All the record shows on this point is: "Thereafter on the 5th day of October, 1933, the defendants tendered into court for the use and benefit of plaintiff the sum of $35.30."

Plaintiff introduced in evidence the notes sued on and the deed of trust referred to therein. Plaintiff himself testified and also called as a witness T. M. Pegram, Secretary of the Anderson-Stocke-Buermann Real Estate Company, at whose office the notes were payable. Their testimony showed a proper demand for payment and that the notes had not been paid.

Defendants offered no evidence whatsoever.

Plaintiff asks for the dismissal of the case in this court on the ground that the brief of defendants does not sufficiently or adequately present, separate and apart from the argument, a statement in numerical order of the points relied on distinctly and separately alleging the errors committed by the trial court.

It is true the first three assignments of error contained in the brief of defendants do not specifically point out the errors alleged to have been committed by the trial court. They are that the verdict and judgment are "against the law;" that they are "against the law and the evidence," and that "there is no evidence to support the judgment." However, we believe that defendants' fourth assignment of error, namely, that "The court erred in not finding that the notes held by plaintiff were not due at the time the suit was filed," coupled with their paragraph under "Points and Authorities" wherein they set forth their contention that the provision in the deed of trust providing for the acceleration of the maturity of notes secured thereby does not permit the holder of part of said notes to accelerate the maturity of the notes held by him, sufficiently raises the point for review. We, therefore, overrule the request for the dismissal.

Defendants admit in their brief that a default was made in the payment of an interest coupon which was due on June 10, 1932, and that the interest coupons were due and payable when the suit was instituted. They contend, however, that the principal notes were not due and payable on their face when the suit was instituted, and that the acceleration clause in the deed of trust demands collective action by all of the note holders to declare the notes due and payable at once in the event of a default prior to the maturity date of the principal notes.

A number of cases from other states are cited by defendants, but they concede that they have not been able to find any case in

this State supporting such contention. We have examined the cases from other states so cited and find that they do not deal with a situation such as we have in the case at bar.

The point now made by defendants that the suit of plaintiff was prematurely brought was not called to the attention of the trial court either during the trial by motion or by demurrer to the evidence, nor was it brought specifically to that court's attention in the motion for a new trial filed by defendants. Their motion for a new trial according to the abstract of the record, which they have filed here, contained five assignments:

"(1) That the verdict is against the law.

"(2) That the verdict is against the law and the evidence.

"(3) That the verdict is for the wrong party.

"(4) That the court erred in refusing to sustain defendants' demurrer at the close of plaintiff's case.

"(5) That the court erred in overruling defendants' request for a directed verdict at the close of the entire case."

The above assignments numbered (4) and (5) are erroneously included in the abstract herein as parts of the motion for a new trial, for the record does not show that any demurrer to the evidence or motion for a directed verdict was filed in or presented to the trial court.

Defendants made no objection to any of the evidence and did not ask for any findings of fact or declarations of law to be given by the court. It cannot be said that defendants' motion in arrest brought this matter to the attention of the trial court since that motion goes only to matters of the record proper, and there is nothing in the record proper to show that plaintiff's cause of action had not accrued when the suit was filed. Plaintiff's petition alleged that it was provided in the deed of trust that at the option of the holder of the notes involved in this suit, in the event of a default in the payment of interest, the notes should become due and payable; that there had been a default in said payment, and that plaintiff had elected to declare the whole amount due and payable. Plaintiff's petition, therefore, on its face stated a cause of action which had accrued at the time suit was filed.

In view of this state of the record, the only question to be determined is whether or not there was any substantial evidence to support the finding and judgment of the trial court.

Although all the provisions of the deed of trust offered in evidence by plaintiff are not before us, we are satisfied from such portions as appear in the abstract of the record that there was substantial evidence to support the finding and judgment of the circuit court. We do not believe the acceleration clause of the deed of trust is reasonably open to the construction urged by defendants.

Such a construction would lead to an absurd result, and would be directly contrary to what evidently was contemplated by the parties by the use of the language appearing in the acceleration clause. It was provided therein:

"That when one of the said notes, whether of interest or principal, after having become due and payable, should remain unpaid, then all of said notes shall, at the option of the holders thereof, become due and payable at once, whether due on their face or not."

It is our duty to give the acceleration clause of the deed of trust a construction which will make is reasonable and fair between the parties and will not give one party an unfair advantage over another. The fundamental rule of construction is that the intention of the parties must be gathered from the subject-matter of the contract, the relation of the parties to that subject-matter and the ordinary meaning of the language used. [Mecartney v. Guardian Trust Co., 274 Mo. 224, 202 S. W. 1131.]

We think it cannot reasonably be said that it was the intention of the parties by the use of the language above shown that the holder of a note should be required to undertake the practically impossible task of procuring the consent of each and every note holder to enable him to exercise his option to declare all the notes due and payable upon a default in the payment of interest or deault in the payment of a note. It is well known and understood that note holders of such an issue might be scattered far and wide over many states. Their addresses, even if known in all instances, could only be procured by plaintiff, or other individual holders of notes, by applying to the other parties to the transaction, namely, the defendants or the trustee. The dissent of one note holder, under the construction urged by defendants, could prevent all the other note holders from exercising the option given to them in the deed of trust.

From the viewpoint of reasonableness and practicable usage in a matter of this kind, as well as from the language itself, we believe that the words "then all of said notes shall, at the option of the holders thereof," cannot be construed to mean "then all of said notes shall, at the option of *all* of the holders thereof." The word "all" does not appear in that part of the acceleration clause.

Ambiguities in the acceleration clause of the deed of trust, if any, must be resolved, not in favor of defendants, but against them, as they were parties to the execution of that document at its inception, while plaintiff is a mere holder of notes and was not a party at that time. It makes no difference who actually prepared the instrument. By the execution thereof, defendants adopted it as their own and must be held to have used the language appearing therein. Hence, instead of reading into the clause words which will favor

defendants' contention, it is our duty to resolve doubts against them. [Belch v. Schott, 171 Mo. App. 357, 157 S. W. 658.]

We think that the clause in question was intended to mean that when one of the notes, whether of interest or principal, became due and payable and remained unpaid, then all of said notes, at the option of any of the individual holders thereof, became due and payable at once, whether due on their face or not. This view appears all the more reasonable when we consider that the deed of trust was between defendants as

"Parties of the First Part, and Christian Stocke . . . Party of the Second Part, and the *person* or persons, firms or corporations who may from time to time become or be the legal *holder* or holders of the notes hereinafter mentioned (which persons are hereinafter *individually* and collectively designated as note holders), Parties of the Third Part." (Emphasis ours).

Taking the two clauses of the deed of trust which are before us, and giving them a reasonable construction, we do not believe it was intended by the parties thereto to require all the owners of all the notes unanimously to agree to elect to accelerate the maturity of the entire issue of notes after a default in order to permit a note holder to avail himself of the option given him by the clause. Such a construction would make the option practically useless to individual note holders.

If the construction now urged by defendants had been written into the clause in plain and unambiguous language showing that it would be necessary to get the unanimous consent of *all* the note holders before *any* of the note holders could exercise the option of accelerating the maturity of the obligation of payment, we are quite certain that no person of ordinary prudence would have purchased any of the notes. An acceleration clause presenting such practically insurmountable difficulties in the way of the exercise of the option given therein would have made the sale of the notes very difficult, if not impossible. We are of the opinion that defendants did not intend to place any such obstacles in the way of the accomplishment of their own purpose, namely, to make the notes salable, and the language they used does not warrant any such construction. On the contrary, we believe that the word "holders" as used in that part of the clause now under consideration was intended to mean any of the "individual" holders in accordance with the word "individually" appearing in that portion of the deed of trust which we have set forth above.

As this is an action at law which was tried below without a jury and without any findings of fact or declarations of law, the decision of the trial court is conclusive, unless, as a matter of law, under the undisputed facts disclosed by the record plaintiff failed to make

a case. Furthermore, the judgment of the trial court will not be disturbed if upon any reasonable theory of the law and facts it can be sustained. [Zeitinger v. Hargadine-McKittrick Dry Goods Co., 298 Mo. 461, 250 S. W. 913; Friesz v. Butcher (Mo. Sup.), 191 S. W. 66; St. Joseph Hay & Feed Co. v. Mo. Pac. Ry. Co (Mo. App.), 185 S. W. 1162.]

We are of the opinion that plaintiff made a case against defendants on the record herein, and since we find nothing in the record which would warrant any interference on our part, the judgment of the circuit court is affirmed. *Hostetter, P. J.,* and *Becker, J.,* concur.